UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS NEWTON ERVINE, | No. 2:15-cv-1916 TLN DB |
| Petitioner, | DEATH PENALTY CASE |
| v. | |
| WARDEN, San Quentin State Prison, | ORDER |
| Respondent. | |

On September 30, 2016, this court heard argument on petitioner's August 19, 2016 motion for a protective order. Tivon Schardl and Karl Saddlemire appeared for petitioner. Laura Wetzel Simpton appeared for respondent. In his motion, petitioner seeks to file under seal two categories of exhibits to the petition: (1) exhibit 290, a juror declaration; and (2) exhibits 291-301, notes petitioner wrote before trial for his attorney. In addition, petitioner seeks a protective order addressing respondent's use of petitioner's notes. After considering the parties' briefs, and hearing the argument of counsel, this court will grant in part petitioner's motion for the reasons set out below.

At the conclusion of argument on petitioner's motion, the court inquired whether respondent was prepared to discuss a response to the petition. Respondent's counsel stated that respondent intends to move to dismiss for exhaustion. Respondent requested four months to complete review of the petition and file the motion.

1

**Legal Standards**

**I.   Sealing**

Because there is a common law right of access to judicial records, petitioner must show that "compelling reasons" supported by "specific factual findings" justify sealing. Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2009) (citing Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006)); see also E.D. Cal. R. 141.1(a)(1) ("All information provided to the Court in a specific action is presumptively public, but may be sealed in conformance with L.R. 141."); E.D. Cal. R. 141(a) ("Documents may be sealed only by written order of the Court, upon the showing required by applicable law."). In his reply brief, petitioner argues that the "compelling reasons" test applies to documents attached to dispositive motions, but he need only show "good cause" for documents attached to non-dispositive filings.

Petitioner leaves out one important piece of the court's differentiation of these two standards. The Ninth Circuit uses the "good cause" test for documents that a party obtained through discovery and attached to a non-dispositive motion. Kamakana, 447 F.3d at 1179 (an exception to the presumption of access to judicial records is "carved out" for a "'sealed discovery document [attached] to a non-dispositive motion;'" a showing of "good cause" will suffice to keep these records sealed); Phillips v. General Motors Corp., 307 F.3d 1206, 1210-12 (9th Cir. 2002) (same; citing Fed. R. Civ. P. 26(c)).

Distinguishing discovered documents from other documents makes sense. The public does not have the same right of access to discovered documents that it has to documents in the court's files. See Frye v. Warden, San Quentin State Prison, No. CIV-S-99-0628 LKK KJM, 2010 WL 3855178, *2 (E.D. Cal. Sept. 30, 2010). However, in the present case, the documents petitioner wishes to seal are attached to his petition. The standard for sealing exhibits to a pleading is the "compelling reasons" test. See Ramirez v. Burwell, No. 2:16-cv-1511 TLN EFB P, 2016 WL 5234613, *3 (E.D. Cal. Sept. 22, 2016); Billman Property, LLC v. Bank of America, N.A., No. 2:15-cv-0088-APG-PAL, 2015 WL 575926, *1 (D. Nev. Feb. 11, 2015) ("Although the Ninth Circuit has not ruled on the issue, other courts in this circuit have held that a party seeking to seal documents attached to the complaint must show compelling reasons, and the court finds

those cases persuasive.") (collecting cases).  Petitioner cites no contrary authority which is on point.

What constitutes a compelling reason for sealing is "best left to the sound discretion of the trial court." Center for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092, 1096 (9th Cir. 2016).  Examples of compelling reasons include (1) records that could be used to gratify private spite or promote public scandal; (2) records containing libelous statements; (3) records containing business information that could be used to harm a litigant's competitive standing; and (4) the private information, such as medical information, of a third party.  See id.; Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1137 (9th Cir. 2003).  Any order sealing documents should be "narrowly tailored" to remove from public view only the material that is protected.  See Press–Enterprise Co. v. Superior Court, 464 U.S. 501, 513 (1984).

## II. Protective Order

In Bittaker v. Woodford, 331 F.3d 715 (9th Cir. 2003) (en banc), the Ninth Circuit considered whether a habeas petitioner is entitled to a protective order for the state's discovery of information subject to the attorney/client privilege.  The court recognized that a habeas petitioner who raises claims of ineffective assistance of counsel waives the attorney/client privilege for information that is relevant to those claims.  331 F.3d at 716.  However, the court also recognized that the scope of that waiver extends only to litigation of the federal habeas petition, rather than amounting to a waiver of the attorney/client privilege "for all time and all purposes - including that possible retrial of the petitioner." Id. at 717, 722-23.  After Bittaker, courts in this circuit have often protected information discovered by the state from a habeas petitioner's trial counsel's files.  See, e.g., Lambright v. Ryan, 698 F.3d 808 (9th Cir. 2012); Brown v. Yates, No. 1:10-cv-0219-LJO- SAB- HC, 2015 WL 5009337 (E.D. Cal. Aug. 21, 2015); Weber v. Sinclair, No. C08-1676RSL, 2014 WL 2778294 (W.D. Wash. June 19, 2014); Roberts v. Warden, No. CIV S-93-0254 GEB DAD, 2012 WL 5523430 (E.D. Cal. Nov. 14, 2012).  Those protective orders typically restrict the identity of those working for the state who may have access to the documents and prohibit the use of the documents on any retrial should the petitioner be successful on habeas.

////

Petitioner contends that the Ninth Circuit extended the rule of Bittaker beyond the discovery context in Lambright.  While the court did hold that attorney/client privileged materials should be protected during the course of an evidentiary hearing, those materials, like the materials in Bittaker and unlike the materials in the present case, were the product of discovery and subject to a protective order entered during discovery.  That said, the Court of Appeals in both Bittaker and in Lambright stressed the importance generally of protecting the privacy of attorney/client privileged information and of limiting a petitioner's waiver of that privilege.  Lambright, 698 F.3d at 820, 822; Bittaker, 331 F.3d at 721.

This court has found one case extending the rule of Bittaker beyond discovered materials. In Salcido v. Chappell, the district court addressed the same issue presented here and issued a Bittaker-type order to limit the state's use of privileged information included in the petition. No. 09-0586 MMC, 2012 WL 6126368 (N.D. Cal. Dec. 10, 2012).  At least one other court has also previously held that the narrow waiver rule of Bittaker and Lambright "extends to privileged information disclosed throughout litigation of the habeas claim." Frye, 2010 WL 3855178, *2.

**Discussion**

During oral argument, the parties agreed that redacting the juror's name from the publicly-filed version of exhibit 290 would adequately protect the privacy of the juror and of the juror's family.  This court finds that protecting the identities of jurors is a compelling state interest as reflected in California law.  See Cal Civ. Proc. Code § 237(a)(2) (providing for post-trial sealing of "personal juror identifying information"); Cal. R. Ct. 8.332(b)(1) (providing for deletion of jurors' personal identifying information from documents filed on appeal).  Therefore, the court will order petitioner to file a version of exhibit 290 with the juror's name redacted.  The court will order filed under seal the unredacted version.  The remaining issues in petitioner's motion are, then, petitioner's requests to seal his notes and to enter a protective order.

Respondent argues that petitioner has not proven the notes submitted are, in fact, subject to the attorney/client privilege.  For purposes of the present motion, the court does not find this sort of evidentiary proof necessary.  The court finds sufficient at this stage petitioner's counsel's representation that the notes were prepared by petitioner before trial and intended for his

attorney.[1] This communication between a client and his attorney is just the sort of communication the attorney/client privilege was intended to protect. See Upjohn Co. v. United States, 449 U.S. 383, 390 (1981) (attorney/client privilege protects "the giving of information to the lawyer"). The court also declines to consider respondent's arguments regarding the admissibility and relevance of these exhibits to the petition. See Salcido, 2012 WL 6126368, *2. Those too are issues that are appropriately addressed at a later date.

The court next notes that petitioner has waived the attorney/client privilege by raising claims of ineffective assistance of counsel in his petition. See Bittaker, 331 F.3d at 718-19. The question is the scope of that waiver. This court finds the policies described by the Bittaker court for protecting attorney/client information gleaned through discovery are relevant here as well where petitioner seeks to attach the information to his petition. First, the court in Bittaker stressed the state's strong interest in protecting attorney/client communications. Id. at 721 (California courts describe the attorney/client privilege as "fundamental to [their] legal system," and "vital to the effective administration of justice.") (citing People v. Superior Court, 25 Cal. 4th 705, 715 (2001) and Roberts v. City of Palmdale, 5 Cal. 4th 363, 380 (1993)). Second, the court expressed concern that a broad waiver rule would "inhibit the kind of frank attorney-client communications and vigorous investigation of all possible defenses that the attorney-client and work product privileges are designed to promote." Id. at 722 (footnote omitted). Finally, the court noted that a broad waiver would force a petitioner "to the painful choice of, on the one hand, asserting his ineffective assistance claim and risking a trial where the prosecution can use against him every statement he made to his first lawyer and, on the other hand, retaining the privilege but giving up his ineffective assistance claim." Id. at 723.

For these reasons, this court finds a compelling need to protect petitioner's attorney/client privileged information so that it is not available to be used against him on any retrial. A petitioner should not be forced to forego a claim that his trial counsel was constitutionally

---

[1] It is worth noting that if the court was considering protecting attorney/client privileged documents obtained through discovery, respondent would have only petitioner's counsel's word, by way of a privilege log, that the documents were communications between an attorney and a client.

defective just because he must rely on privileged communications with counsel to prove his claim.  See Frye, 2010 WL 3855178, *2.  In Frye, the court considered the application of a protective order to an evidentiary hearing.  The court distinguished discovery, which does not have the same public access issues as does an evidentiary hearing.  The court held that the protective order would cover only information that the petitioner established was privileged.  Id.  In the present case, petitioner has shown the notes he wrote are subject to privilege because they were written for the purpose of communicating with his counsel.  Thus, sealing exhibits 291-301 would be appropriate under the test set up in Frye.

Accordingly, the court will grant petitioner's motion to file exhibits 291-301 under seal and to enter a protective order limiting respondent's use of that material to the present case.  With respect to the contours of that protective order however, the court finds the order proposed by petitioner too restrictive on respondent's use of the information.  The court looks to the protective order approved in Bittaker and similar protective orders issued by courts in this circuit for the language of the protective order set forth below.

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Petitioner's August 19, 2016 Motion for a Protective Order is granted in part.
   a. Within five days of the filed date of this order, petitioner shall file a copy of exhibit 290 with the juror's name redacted.
   b. The Clerk of the Court is directed to file under seal exhibits 290-301to the petition.
   c. Within five days of the filed date of this order, petitioner shall serve copies of exhibits 291-301 on respondent, subject to the protective order set out in paragraph 2, below.
2. Protective Order:

    The handwritten portions of exhibits 201-301 to the petition shall be deemed to be confidential.  The handwritten portions of exhibits 201-301, and the information therein, may be used only by counsel for respondent, other representatives from the Office of the California Attorney General, and persons working under their direct supervision (including expert consultants), and only for purposes of any proceedings

     incident to litigating the claim(s) presented in the petition for writ of habeas corpus pending before this court.

     Disclosure of the contents of the handwritten portions of exhibits 201-301 or the exhibits themselves may not be made to any other persons or agencies, including any other law enforcement or prosecutorial personnel or agencies, without an order from this court. This order extends to respondent and all persons acting on behalf of respondent in this proceeding, including but not limited to persons employed by the Office of the California Attorney General, persons working on this matter who are employed by California governmental divisions other than the Attorney General, persons retained by respondent for any investigative or consulting work on this matter, and any expert consultants or witnesses assisting respondent.

     This order shall continue in effect after the conclusion of the habeas corpus proceedings and specifically shall apply in the event of a retrial of all or any portion of petitioner's criminal case, except that either party maintains the right to request modification or vacation of this order by way of a noticed motion.

3. By January 31, 2017, respondent shall file and serve a motion to dismiss or other pleading responsive to the petition. Within thirty days of service of the motion, petitioner shall file an opposition. Within fifteen days thereafter, respondent shall file any reply. The court will schedule oral argument if necessary.

Dated: October 6, 2016

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/orders.capital/Ervine prot.or