UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS NEWTON ERVINE, | No. 2:15-cv-1916 TLN DB |
| Petitioner, | DEATH PENALTY CASE |
| v. | |
| WARDEN, San Quentin State Prison, | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Respondent. | |

Petitioner's motion to stay these proceedings and hold them in abeyance came on for hearing January 5, 2017. Assistant Federal Defenders David Harshaw and Karl Saddlemire appeared for petitioner. Deputy Attorney General Max Feinstat appeared for respondent. After reviewing the briefs and hearing the arguments of counsel, and good cause appearing, the court makes the following findings and recommends petitioner's motion for stay and abeyance be granted.

**BACKGROUND**

In 1996, petitioner was convicted in Sacramento County Superior Court, on a change of venue from Lassen County, of the first degree murder of a sheriff's deputy. He was sentenced to death. On December 7, 2009, the California Supreme Court affirmed the judgment and sentence. <u>People v. Ervine</u>, 47 Cal. 4th 745 (2009). The United States Supreme Court denied certiorari on October 4, 2010. <u>Ervine v. California</u>, 562 U.S. 848 (2010).

On April 1, 2008, petitioner filed a habeas petition with the California Supreme Court. In re Ervine, No. S162212. In 2015, petitioner sought to add new allegations and evidence to his state court petition. The California Supreme Court denied that request and stated the ruling was made without prejudice to the filing of a new habeas petition. On August 19, 2015, the California Supreme Court summarily denied the petition.

Petitioner initiated this action on September 10, 2015 by filing applications for a stay of execution and for the appointment of counsel. (ECF No. 1.) On September 22, 2015, the court appointed the Office of the Federal Defender as counsel for petitioner. (ECF No. 8.) On November 5, 2015, respondent lodged an electronic copy of the state court record. (ECF No. 16.)

On August 18, 2016, petitioner filed a petition for a writ of habeas corpus. (ECF No. 22.) Respondent then moved to dismiss the petition on the grounds that it is mixed, containing exhausted and unexhausted claims. (ECF No. 33.) In response, petitioner filed the present motion for stay/abeyance. (ECF No. 37.) Therein, petitioner acknowledges that his petition contains unexhausted claims. Petitioner filed a second habeas petition with the California Supreme Court on November 8, 2016 to exhaust those claims.[1] Respondent filed an opposition to the motion for stay/abeyance (ECF No. 47) and petitioner filed a reply (ECF No. 50).

**MOTION FOR STAY/ABEYANCE**

**I.     General Legal Standards**

It is well established that a federal court may not "adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." Rhines v. Weber, 544 U.S. 269, 273 (2005) (citing Rose v. Lundy, 455 U.S. 509, 518-19 (1982)). Historically, federal courts dismissed mixed petitions. See Rose, 455 U.S. at 522; Rhines, 544 U.S. at 274. In 2005, the Supreme Court considered the propriety of staying a mixed petition. In Rhines, the Court held that stay and abeyance of a mixed petition is available in "limited circumstances" when "the district court determines there was good cause for the petitioner's failure to exhaust his

---

[1] The November 8, 2016 petition was given case no. S054372. Petitioner filed a related habeas petition with the California Supreme Court on September 27, 2017 and withdrew the November 8, 2016 petition. That new state proceeding is In re Ervine, No. S244638.

2

claims first in state court." 544 U.S. at 277.

Even if a court finds good cause, however, a stay is inappropriate if the unexhausted claims are "plainly meritless" or petitioner has engaged in "abusive litigation tactics or intentional delay." Id. at 278. Under <u>Rhines</u>, then, a federal court may stay a petition containing exhausted and unexhausted claims if the following conditions are met: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. Each of the <u>Rhines</u> factors is addressed below.

## II. Analysis

### A. Good Cause

#### 1. Legal Standards

"Good cause" under <u>Rhines</u> is not clearly defined. The Supreme Court has explained that in order to promote the Anti-terrorism and Effective Death Penalty Act's ("AEDPA") twin goals of encouraging the finality of state judgments and reducing delays in federal habeas review, "stay and abeyance should be available only in limited circumstances." <u>Rhines</u>, 544 U.S. at 277. The Ninth Circuit has provided little guidance beyond holding that the test is less stringent than an "extraordinary circumstances" standard. <u>Jackson v. Roe</u>, 425 F.3d 654, 661-62 (9th Cir. 2005). In 2008, the Ninth Circuit warned that the good cause standard should not be so easy to meet that it renders "stay-and-abey orders routine" and runs "afoul of <u>Rhines</u> and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'" <u>Wooten v. Kirkland</u>, 540 F.3d 1019, 1024 (9th Cir. 2008) (petitioner did not show good cause by arguing that he was "under the impression" that his counsel had raised all claims before the state court of appeal).

In 2014, the Ninth Circuit clarified that "[t]he good cause element is the equitable component of the <u>Rhines</u> test," and that although "a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." <u>Blake v. Baker</u>, 745 F.3d 977, 982 (9th Cir. 2014). Further, in <u>Blake</u>, the court retreated from the implication in <u>Wooten</u> that an excuse that is a common occurrence could not constitute good cause. The court in <u>Blake</u> held that good cause should not be measured by "how often the

type of good cause [the petitioner] asserted could be raised." Id. at 981.

In Blake, a habeas petitioner filed a motion for stay and abeyance under Rhines to exhaust an ineffective assistance of counsel claim based on his trial counsel's alleged failure to discover and present evidence of petitioner's abusive upbringing and history of mental illness. Id. at 979. The petitioner argued that he had good cause for failing to exhaust the ineffective assistance claim because he had received ineffective assistance of counsel during his state post-conviction proceedings. Id. Specifically, the petitioner argued that his state post-conviction counsel failed to discover the same evidence of abuse and mental illness underlying his ineffective assistance of trial counsel claim. Id.

In that context, the Ninth Circuit held:

> The good cause element is the equitable component of the Rhines test. It ensures that a stay and abeyance is available only to those petitioners who have a legitimate reason for failing to exhaust a claim in state court. As such, good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify that failure. An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust.

Blake, 745 F.3d at 982.

The Ninth Circuit determined that the petitioner in Blake submitted sufficient evidence to support his argument that he received ineffective assistance of counsel during his state post-conviction proceedings. Blake, 745 F.3d at 982-83. Specifically, the petitioner's federal post-conviction counsel had compiled evidence of petitioner's abusive upbringing and history of mental illness, including a declaration from a private investigator and thirteen declarations from petitioner's family and friends. Id. The Ninth Circuit concluded that the district court abused its discretion when it found that petitioner failed to establish good cause because petitioner's showing "was not a bare allegation of state post-conviction IAC, but a concrete and reasonable excuse, supported by evidence that his state post-conviction counsel failed to discover, investigate, and present to the state courts the reasonably available evidence of Blake's upbringing and compromised mental condition." Id. at 983.

////

### 2. Has Petitioner Shown Good Cause?

Petitioner argues he has established good cause based both on his reasonable confusion about his state court remedies and on the ineffectiveness of state habeas counsel. Because this court finds petitioner has made a sufficient showing that state habeas counsel was ineffective, it does not consider whether petitioner's confusion over state court remedies provides an independent basis for a finding of good cause.

As described above, the Ninth Circuit in Blake held that a petitioner's concrete and reasonable showing that his state habeas counsel failed to raise claims that were reasonably available at that time was sufficient to establish good cause for the failure to raise the claims previously. Respondent argues that petitioner must do more than make a reasonable showing. He takes a statement by the Ninth Circuit out of context to argue that petitioner must essentially prove ineffective assistance of counsel under the standards set out in Strickland v. Washington, 466 U.S. 668 (1984).

Specifically, respondent claims that to establish good cause, "petitioner must show that his . . . 'state post-conviction counsel's performance was defective under the standard of Strickland.'" (ECF No. 47 at 5 (quoting Blake, 745 F.3d at 983).) However, the Ninth Circuit was clear in Blake that the ineffective assistance of counsel hurdle petitioner must meet is not that high. Rather, the court stressed that a petitioner need only provide a "concrete and reasonable excuse, supported by evidence" that his state habeas counsel failed to discover, investigate, and present to the state courts the new claim. Blake, 745 F.3d at 983. The full quote from Blake states only that petitioner Blake made "a sufficient showing that [his] state post-conviction counsel's performance was defective under the standard of Strickland." Id. Respondent cites no case law establishing a higher standard for good cause based on ineffective assistance of counsel.

Petitioner provides the declarations of state habeas counsel that they failed to uncover these claims, despite having information that should have caused them to do so. (ECF Nos. 37-4, 37-5, 37-6.) Courts in this circuit have found good caused based on a similar showing. See Cruz v. Mitchell, No. 13-cv-2792-JST, 2015 WL 78779 (N.D. Cal. Jan. 5, 2015) (petitioner's showing that current counsel uncovered evidence of jury misconduct that could have been uncovered, and

raised, by state habeas counsel is sufficient showing of ineffective assistance of counsel for Rhines stay); Ramos v. Chappell, No. C 05-3752 SI, 2014 WL 6065660 (N.D. Cal. Nov. 12, 2014) (declaration of state post-conviction counsel that he had no strategic reason for failing to raise claims was a "reasonable excuse supported by evidence" and established good cause under Rhines).

This is not a situation, like that in which courts have denied stays, where a petitioner presents no evidence to support his contention that state habeas counsel acted unreasonably. See Jauregui v. Jones, No. CV 16-1711 DSF (RAO), 2016 WL 4257147, at *3 (C.D. Cal. July 7, 2016), rep. and reco. adopted, 2016 WL 4251572 (C.D. Cal. Aug. 9, 2016); Wizar v. Sherman, No. CV 15-03717-PSG (KES), 2016 WL 3523837, at *4 (C.D. Cal. May 19, 2016), rep. and reco. adopted, 2016 WL 3511781 (C.D. Cal. June 27, 2016); Barrera v. Muniz, No. 2:14-cv-2260 JAM DAD P, 2015 WL 4488235, at *3 (E.D. Cal. July 23, 2015), rep. and reco. adopted, 2015 WL 6736813 (E.D. Cal. Nov. 4, 2015). This court finds petitioner has made a sufficient showing that his state habeas counsel were ineffective to support a finding of good cause for his failure to raise the unexhausted claims in his first state habeas petition.

### B. An Unexhausted Claim is Potentially Meritorious

The second Rhines factor is determining whether an unexhausted claim is "potentially meritorious." Petitioner need only show that <u>one</u> of his unexhausted claims is not "plainly meritless." Dixon v. Baker, 847 F.3d 714, 722 (9th Cir. 2017). A claim meets this standard unless "'it is perfectly clear that the petitioner has no hope of prevailing.'" Id. (quoting Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005)). Respondent's argument that petitioner's claims are meritless goes into fairly extensive detail about the merits of petitioner's claims.

The Ninth Circuit made clear in Dixon that the federal court should not usurp the state court's right to first address the merits of a "colorable federal claim." Id. A review of petitioner's claims shows that they are certainly "colorable" and not "hopeless." See Cruz, 2015 WL 78779, at *3 (petitioner's unexhausted claims are potentially meritorious where they are not "vague, conclusory, or patently frivolous;" and they are "well-supported by specific averments and numerous exhibits" and by legal authority). For example, petitioner alleges in Ground 1,

subsection F.1., of the petition that his trial counsel unreasonably failed to investigate evidence of petitioner's mental health that would have supported a mental state defense at both the guilt and penalty phases of trial. These allegations are specific and supported by a numerous exhibits. (See ECF No. 22 at 53-94.) This court finds petitioner has adequately established that his unexhausted claims are potentially meritorious for purposes of a Rhines stay.

### C. No Intentionally Dilatory Tactics

The final Rhines factor is considering whether petitioner has engaged in "intentionally dilatory tactics." There is little case law defining this standard. Respondent argues petitioner should have moved for a stay when he filed his petition. Petitioner filed his federal petition on August 18, 2016 and his state exhaustion petition in November 2016. Respondent filed his motion to dismiss on January 5, 2017 and petitioner filed his motion to stay four months later.

Respondent cites no authority for the proposition that a petitioner must seek a stay at the time he files his federal petition or immediately thereafter. Further, petitioner shows that he was investigating his unexhausted claims in an attempt to avoid piecemeal litigation in the state court. (See Nov. 3, 2016 Decl. of T. Parker (ECF No. 37-8).) The court finds that petitioner did not unreasonably delay in filing his state exhaustion petition or in seeking a stay. This factor also weighs in favor of granting petitioner's motion.

## CONCLUSION

For the reasons set forth above, the court finds: (1) petitioner has established good cause for a stay of these proceedings based on his showing that state habeas counsel could have, but failed to, raise these unexhausted claims; (2) petitioner's unexhausted claims are potentially meritorious; and (3) there is no indication petitioner has acted in an intentionally dilatory fashion. Because the court thus finds petitioner's motion to stay this proceeding and hold it in abeyance should be granted, it follows that respondent's motion to dismiss the petition on the grounds that it contains unexhausted claims should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's April 21, 2017 Motion for Stay/Abeyance (ECF No. 37) be granted; and
2. Respondent's January 5, 2017 Motion to Dismiss (ECF No. 33) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 9, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/orders.capital/Ervine stay.fr