UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS NEWTON ERVINE, | No. 2:15-cv-1916 DJC SCR |
| Petitioner, | DEATH PENALTY CASE |
| v. | |
| JEFF LYNCH, Warden, California State Prison, Sacramento, | ORDER |
| Respondent. | |

Petitioner is a condemned state prisoner proceeding through counsel with a petition for a writ of habeas corpus under 28 U.S.C. §2254. Before the court is respondent's motion: (1) for an extension of time to file a reply to petitioner's opposition to respondent's motion to dismiss, and (2) to vacate the due date for respondent's answer. (ECF No. 81.) Petitioner does not oppose the extension of time but opposes the request to vacate the deadline for the answer. (ECF No. 87.)

Respondent's counsel explains that an extension of time to file the reply is necessary because he is on paternity leave from early August through September and because petitioner's opposition was expected to be, and is, lengthy (see ECF No. 86). The court finds good cause for respondent's unopposed request. Any reply in support of respondent's motion to dismiss shall be filed by October 31, 2024.

////

1

With respect to respondent's motion to vacate the due date for the answer, respondent notes that he had previously agreed to the current September 23, 2024 due date. Respondent states that the agreement was based on his representation that that the motion to dismiss would challenge the exhaustion status of just two of petitioner's claims. Respondent felt that the merits of the remaining, exhausted claims could be addressed in an answer prior to resolution of the motion to dismiss. Respondent states that, after further review, he determined that all of petitioner's claims are at least partly unexhausted.[1] The motion to dismiss challenges the exhaustion status of some aspects of each of petitioner's claims. (See ECF No. 72.)

Petitioner opposes the motion to vacate. (ECF No. 87.) Petitioner argues that respondent has had a lengthy period of time to prepare an answer, that the merits of respondent's motion to dismiss are "very weak," that resolution of respondent's motion should be "straightforward," and that, due to his poor health, he wishes to expedite these proceedings. Petitioner asks the court to set a due date of February 28, 2025 for the answer. In reply, respondent argues that he is not responsible for most of the delays in these proceedings and takes issue with petitioner's characterization of the merits of the motion to dismiss. (ECF No. 88.)

This court need not, and will not, consider the merits of respondent's motion at this time except to note that respondent's motion is 60 pages long and petitioner's opposition is 166 pages. The length of the parties' briefs indicates that the issues raised by respondent's motion, even if straightforward, will require some time to resolve.

While the court is sympathetic to petitioner's wish to expedite these proceedings, respondent should not be required to prepare an answer to claims that may be dismissed. Rule 4 of the Rules Governing Section 2254 Cases permits an "answer, motion, or other response" to a petition. See also White v. Lewis, 874 F.2d 599, 602-03 (9th Cir.1989) (a motion to dismiss pursuant to Rule 4 is proper in a federal habeas proceeding). The Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases state that a dismissal on procedural grounds may obviate the need for filing an answer on the substantive merits of the petition. Further, it is

---

[1] Respondent previously agreed that some of plaintiff's subclaims are exhausted. (See ECF Nos. 87 at 2, 88 at 2.)

worth noting that an answer is typically not required in a civil case until a motion to dismiss has been resolved. See Fed. R. Civ. P. 12(b) (motion asserting failure to state a claim upon which relief can be granted "must be made before pleading"); Fed. R. Civ. P. 12(a)(4) (responsive pleading due 14 days after resolution of motion); see also Rules Governing Section 2254 Cases, Rule 12 (Federal Rules of Civil Procedure applicable in §2254 cases to the extent they are not inconsistent with habeas statute or rules). This court will grant respondent's motion to require an answer within 90 days of the resolution of the motion to dismiss. Respondent is warned, however, that given the significant passage of time, this court expects respondent to file a timely answer. Extensions of the deadline will be granted only upon a showing of extraordinary circumstances.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED that

1. Respondent's motion for an extension of time to file a reply in support of his motion to dismiss (ECF No. 81) is granted. Respondent shall file any reply by October 31, 2024.

2. Respondent's motion to vacate the due date for the answer (ECF No. 81) is granted. Respondent's answer will be due 90 days after the issuance of the district judge's order resolving respondent's motion to dismiss.

DATED: September 3, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE