UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS NEWTON ERVINE,<br><br>                Petitioner,<br><br>        v.<br><br>JEFF LYNCH, Warden of the California State Prison at Sacramento,<br><br>                Respondent.[1] | Case No. 2:15-cv-01916-DJC-SCR<br><br>DEATH PENALTY CASE<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART RESPONDENT'S MOTION TO DISMISS |

## I. INTRODUCTION

On March 19, 2024, Respondent filed the instant second motion to dismiss the 28 U.S.C. § 2254 petition filed August 18, 2016 because it remains a mixed petition following Petitioner's return to state court for exhaustion proceedings. (Doc. 72.) The Court, having reviewed the motion, and the corresponding opposition and reply, hereby RECOMMENDS that the motion be GRANTED in part and DENIED in part.

/////

_____

[1]  A CDCR system search shows that Petitioner is currently incarcerated at California State Prison - Sacramento in the custody of Warden Jason Schultz.  *See* Ciris.mt.cdcr.ca.gov (last visited September 1, 2025).

## II. PROCEDURAL BACKGROUND[2]

In 1996, Petitioner was sentenced to death for the premeditated murder of Lassen County Sheriff's Deputy Larry Griffith, with three special circumstances found true for lying in wait, murder to avoid arrest, and murder of a peace officer.  (Doc. 16-3 at 213, 229-33); Pen. Code §§ 187(a), 190.2(a)(5)(7)(15).[3]  Petitioner was also sentenced to three consecutive terms of life imprisonment with the possibility of parole for the attempted murders of Deputy Wayne Aldridge, Deputy Henry Mahan, and Commander William Freitas.  (Doc. 16-3 at 213, 229-33); Pen. Code §§ 664/187(b).

On December 7, 2009, the California Supreme Court (hereinafter "CSC") unanimously affirmed the judgment in *People v. Ervine*, 47 Cal. 4th 745 (2009).  (Doc. 16-39.)  The U.S. Supreme Court denied certiorari on October 4, 2010.  562 U.S. 848 (2010) (Doc. 16-45).

On April 1, 2008, Petitioner filed a petition for writ of habeas corpus in the CSC alleging ten claims supported by 234 exhibits.[4]  (Docs. 16-46, 16-47 to 16-70, 16-79 to 16-80, 16-83, 16-98 to 16-103, 16-105, collectively the "1SHCP.")

On April 15, 2015, the CSC denied Petitioner's January 29, 2015 request to file additional allegations and twelve additional exhibits in the 1SHCP proceeding (i.e., Exhibits 235-246) "without prejudice to Petitioner's filing the supplemental allegations and exhibits as a new petition for writ of habeas corpus."  (Doc. 16-108; Doc. 16-114.)

On August 19, 2015, the CSC summarily denied the 1SHCP on the merits, and imposed multiple procedural bars for various Claims.  (Docs. 16-115, 16-117.)

Petitioner initiated this federal action on September 10, 2015 by filing applications for a stay of execution and for the appointment of counsel.  (Doc. 1.)  On September 22, 2015, the Court appointed the Office of the Federal Defender as counsel for Petitioner.  (Doc. 8.)

On August 18, 2016, Petitioner filed the federal operative mixed protective 28 U.S.C. § 2254 petition (Doc. 22; *see also* Doc. 37 at 13), asserting twenty-five Grounds supported by

---

[2]  The Court cites to the electronic version of the record lodged by Respondent in the case.

[3]  Any reference herein to state law is to California law.

[4]  All references herein to "Claim(s)" is to state habeas claim(s).

1    Exhibits 247-301 (Docs. 22-1 through 22-41; Docs. 30, 31).[5]

2        On November 8, 2016, Petitioner submitted an overlength second petition for writ of

3    habeas corpus in the CSC.  Cal. Case No. S054372.  (Docs. 69-1, 69-2.)  On September 27,

4    2017, Petitioner filed a motion to withdraw the overlength petition (Doc. 69-3), and filed a

5    shortened second habeas petition in the CSC and supporting exhibits.  (Docs. 69-3, 69-4

6    through 69-9, hereinafter the "2SHCP").[6]  Cal. Case No. S0244638.  The 2SHCP served to

7    reassert the following six claims contained in the 1SHCP along with additional supporting

8    grounds:

9        •    Claim 3 (ineffective assistance of counsel ("IAC"), liability phase);

10       •    Claim 4 (prosecutorial misconduct);

11       •    Claim 5 (IAC, penalty phase);

12       •    Claim 6 (juror misconduct);

13       •    Claim 8 (ineligibility for death sentence under the Eighth
14            Amendment);

15       •    Claim 10 (death sentence violative of federal and international law).

16   (Doc. 63 at 2 n.1; *see also id.* at 9.[7]

17       On March 6, 2018, this Court granted Petitioner's request, pursuant to *Rhines v. Weber*,

18   544 U.S. 269 (2005), for stay and abeyance of unexhausted claims in the § 2254 petition, and

19   denied Respondent's motion to dismiss all or portions of the § 2254 petition on exhaustion

20   grounds.  (Docs. 54, 55.)

21       On May 22, 2019, the CSC transferred the 2SHCP to the sentencing court, the Sacramento

22   County Superior Court (hereinafter the "Superior Court").  (Doc. 69-10.)

23       On March 22, 2022, the Superior Court denied the 2SHCP, finding that Claims 3-6, 8 and

24   10, previously denied by the CSC on the merits (and as to Claim 4 also on procedural grounds)

25   [5]  Petitioner refers to the claims and subclaims in his § 2254 petition as "Grounds."  The Court
26   does the same.

27   [6]  The CSC granted Petitioner's application to withdraw the overlength petition.

28   [7]  The 2SHCP did not specifically supplement the remaining 1SHCP Claims 1, 2, 7, and 9.  See
     Doc. 69-20 at 2.

1  failed to state a prima facie case for relief as supplemented, such that the claims were barred as

2  successive.  (Doc. 69-20 at 9-11, Order Denying Petition for Writ of Habeas Corpus, Superior

3  Court Case No. 19HC00472.)  The Superior Court declined to issue a Certificate of

4  Appealability (hereinafter "COA") finding that the 2SHCP "has not presented a substantial

5  claim for relief."  (*Id*. at 12, citing Pen. Code § 1509.1(c).[8])

6          On April 21, 2022, Petitioner filed a Notice of Appeal and a Request for a COA to the

7  California Court of Appeal – Third Appellate District (hereinafter "Court of Appeal").  (Doc.

8  69-21.)  Therein, Petitioner argued that he stated substantial claims for relief, at least under the

9  federal standard of § 2253(c) which he suggested should control, and he argued that his claims

10  were not successive or met an exception to successiveness.  (Doc. 69-21.)

11         On May 16, 2022, the Court of Appeal granted COA on two of Petitioner's 2SHCP

12  claims—specifically a portion of Claim 4 [federal Ground 7(C)] and Claim 10 [federal Ground

13  24]—and otherwise denied COA, as follows:

14                 Petitioner has made a substantial showing that claim 10 and the claim
                "the state violated petitioner's right to due process by lying to a
15              critical witness in order to prevent petitioner's counsel from
                interviewing her," set forth on pages 33-36 of the petition for writ of
16              habeas corpus filed September 27, 2017 ("obstruction claim"), are not
                successive but has failed to make such a showing as to his remaining
17              claims . . . .  Nor has he made a substantial showing that any of his
                remaining claims meet the requirements set forth in subdivision (d) of
18              Penal Code section 1509 . . . .  Accordingly, petitioner's request for a
                certificate of appealability is granted as to claim 10 and the
19              obstruction claim and is denied in all other respects.

20  (Doc. 63 at 22, Order Granting in Part and Denying in Part Petitioner's Request for Certificate

21  of Appealability, Case No. C096100 (Cal. Ct. App. May 16, 2022).)

22         On July 20, 2022, the CSC summarily denied the Petition for Review ("PFR").  (Doc. 61-

23  1, Cal. Case No. S274775.)

24         On July 12, 2023, at Petitioner's request, the Court of Appeal dismissed the appeal of

25  Claims 4 (portion) and 10.  (Docs. 61-2, 61-3.)

26         On August 23, 2023, this Court lifted the *Rhines* stay.  (Doc. 62.)

27  _____

28  [8]  Penal Code section 1509.1(c) provides that "[a] certificate of appealability may be issued only
if the petitioner has shown both a substantial claim for relief" and "a substantial claim that the
requirements of subdivision (d) of section 1509 have been met."

1

### III. LEGAL STANDARDS

2    Under Rule 4 of the Rules Governing § 2254 Cases, if a petition is not dismissed at

3    screening, the judge "must order the respondent to file an answer, motion, or other response" to

4    the petition.  *See also* E.D. Cal. Local Rules ("L.R.") 190 & 191.  A motion to dismiss a

5    petition for writ of habeas corpus is construed as a request for the court to dismiss under Rule 4

6    of the Rules Governing § 2254 Cases.  *See O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir.

7    1990).  Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that

8    the petitioner is not entitled to relief.  *Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).

9    A petitioner in state custody must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1);

10   *Picard v. Connor*, 404 U.S. 270 (1971).  Exhaustion is a "threshold" matter that must be

11   satisfied before the court can consider the merits of each claim.  *Day v. McDonough*, 547 U.S.

12   198, 205 (2006).  Exhaustion is not jurisdictional, but is based on comity to permit the state

13   court the initial opportunity to resolve any alleged constitutional deprivations.  *See Coleman v.*

14   *Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982).

15   A federal constitutional claim is exhausted when it has been ''fairly presented'' to the

16   highest state court and that court has had a meaningful opportunity to apply controlling legal

17   principles to the facts underlying the claim.  *Picard*, 404 U.S., at 276-77; *O'Sullivan v.*

18   *Boerckel*, 526 U.S. 838, 845 (1999); *Sanders v. Ryder*, 342 F.3d 991 (9th Cir. 2003).  In the

19   state proceeding, the petitioner must describe both the operative facts and the federal legal

20   theory on which his claim is based so that the state courts have a fair opportunity to apply

21   controlling legal principles to the facts bearing upon his constitutional claim.  *See Atkins v.*

22   *Bean*, 122 F.4th 760, 771 (9th Cir. 2024); *Davis v. Silva,* 511 F.3d 1005, 1009 (9th Cir. 2008).

23   Exhaustion is determined on a claim-by-claim basis.  *See Insyxieng-May v. Morgan*, 403 F.3d

24   657, 667 (9th Cir. 2005).

25   Generally, a petitioner may add factual materials supportive of those already in the record

26   without fundamentally altering a claim and rendering it unexhausted.  *See Moormann v.*

27   *Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005); *see also Vasquez v. Hillery*, 474 U.S. 254, 260

28   (1986) (statistical analyses of facts already in record do not render claim unexhausted); *Chacon*

*v. Wood*, 36 F.3d 1459, 1468 (9th Cir. 1994), superseded by statute on other grounds as stated in *United Stated v. Knabb*, No. 19-16097, 2021 WL 3674481 (9th Cir. Aug. 19, 2021) (factual basis of claim that interpreter mistranslated guilty plea proceedings was fairly presented where the state court understood accuracy of translation to be at issue). However, where the new facts substantially improve the claim by contradicting evidence the state court already considered, the new factual materials must be presented to the state court. *See Aiken v. Spalding*, 841 F.2d 881, 883-84 & n.3 (9th Cir. 1988) (new evidence consisting of decibel level studies of tape of petitioner's confession, which conflicted with evidence state court had considered, substantially improved evidentiary posture of claim and required exhaustion); *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014), abrogation on other grounds recognized by *Hampton v. Shinn*, 143 F.4th 1047, 1076 (9th Cir. 2025) (new allegations regarding fetal alcohol syndrome and brain damage in IAC claim substantially improved evidentiary posture of claim and require exhaustion).

Exhaustion is similarly lacking if the claim merely relies upon a "general appeal to a constitutional guarantee as broad as due process," *Gray v. Netherland,* 518 U.S. 152, 162-163 (1996), or invokes a state law that is only "somewhat similar" to a federal one, *Duncan v. Henry,* 513 U.S. 364, 366 (1995), or fails to recite the applicable theory within the four corners of the petition, *Baldwin v. Reese,* 541 U.S. 27, 32 (2004). "Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory." *Castillo v. McFadden,* 399 F.3d 993, 1003 (9th Cir. 2005).

## IV. DISCUSSION

The instant motion raises three questions:

1.    Whether the inclusion of incorporation language within certain Grounds renders the incorporating Grounds unexhausted?

2.    Whether Grounds 7(C) and 24, the federal analogues of the two Claims voluntarily dismissed by Petitioner in the California Court of Appeal, are deemed exhausted?

3.    Whether certain Grounds have been exhausted by fair presentation through the level of the CSC?

1    The Court addresses these issues in turn, below.[9]

2        **A.    Exhaustion Status of Grounds with Incorporation Language**

3        Respondent argues that 51 separate grounds, which purport to incorporate other grounds

4    and/or allegations in the federal petition, are each rendered unexhausted on that basis.

5    Particularly, Respondent suggests that incorporation language allegedly added at the federal

6    level and unpresented at the state level changes and/or strengthens the incorporating ground,

7    leaving it unexhausted for lack of presentation in state court.

8        At the outset, it is worth again highlighting the doctrine of fair presentation.  The factual

9    basis of a claim has been fairly presented as long as the facts subsequently alleged in federal

10   court do not fundamentally alter the nature of the claim presented to the state court, place the

11   claim in a significantly different and stronger evidentiary posture than it was when the state

12   courts considered it, or substantially improve the evidentiary basis of the claim.  *See Hillery*,

13   474 U.S. at 257 ("It follows, of course, that once the federal claim has been fairly presented to

14   the state courts, the exhaustion requirement is satisfied."); *Aiken*, 841 F.2d, at 883 ("[W]here a

15   federal habeas petitioner presents newly discovered evidence or other evidence not before the

16   state courts such as to place the case in a significantly different and stronger evidentiary posture

17   than it was when the state courts considered it, the state courts must be given an opportunity to

18   consider the evidence.").  The state court must have had a meaningful opportunity to apply

19   controlling legal principles to the facts underlying the claim.  *See Picard*, 404 U.S., at 276-77;

20   *see also Chacon*, 36 F.3d, at 1468 ("[T]he petitioner must have fairly presented the substance of

21   his federal claim to the state courts.").  These principles apply in the context of an incorporation

22   argument about exhaustion in the same manner they would as to any other exhaustion-related

23   context.

24       There is no Ninth Circuit precedent on the question of whether claim incorporation

25   language renders an otherwise exhausted claim unexhausted.  A judge of this court found in

26   ─────────────────

[9]  Respondent concedes that Petitioner has fully exhausted the following Grounds: 1(F)(5),
27   1(F)(6), 1(J), 1(K) (errantly listed by Respondent as 1(H)), 1(L), 1(M), 1(N), 7(A)(2), 7(A)(4),
     7(A)(7), 7(A)(9), 7(A)(10), 7(A)(11), 7(A)(12), 7(A)(16), 7(B)(2), 7(B)(4), 7(B)(5), 10(B),
28   10(D), 10(E), 10(P), 10(Q), 10(R), 10(S), 10(T), 10(U), 10(V), 10(W), 20(C), 20(D), 20(F), and
     20(G).  (*See* Doc. 72 at 23-24, 26-27, 31, 34, 35, 36, 40-41, 46-47, 53-55.)

1    another § 2254 action that claim incorporation language which does not alter the substance of a

2    claim does not alone render the incorporating claim unexhausted.  *See Beames v. Chappell*, No.

3    1:10-CV-01429-AWI, 2012 WL 1813413, at *2 (E.D. Cal. May 17, 2012) (exhaustion status of

4    claims will not be defeated by the inclusion of incorporation language in the claims).  So too

5    have judges in other courts.  *See Cain v. Woodford*, No. 96-cv-2584 ABC, 2001 WL 37115686,

6    at *8 (C.D. Cal. July 23, 2001) (incorporation language in claims that were clearly raised in the

7    state courts does not render any of the claims unexhausted).  The Court here follows those other

8    decisions, to the extent the incorporated grounds are themselves individually exhausted as to

9    legal theory and operative facts.  (*See* section IV.C, post.)

10           Mindful of the foregoing, the Court analyzes each of the specific grounds that Respondent

11   argues are rendered unexhausted because of incorporation language.

12           **1.      Ineffective Assistance of Trial Counsel – Grounds 1, 10**

13           Ground 1(A) variously alleges lead trial counsel Buckwalter's conflicts of interest arising

14   from: (i) his personal acquaintance with local law enforcement departments, the officers

15   involved in the incident, victim Deputy Griffith and wife Laura Griffith and her family; (ii) his

16   prior legal work for Laura Griffith; and (iii) his representation of Petitioner in dissolution

17   proceedings against Julie Ervine during and after the capital trial.  That ground alleges such

18   conflicts denied Petitioner Sixth Amendment effective assistance of counsel at the guilt and

19   penalty phases.  (Doc. 22 at 29-36.)  Respondent argues Ground 1(A) is unexhausted to the

20   extent it incorporates unexhausted Grounds 1, 3, 4, 5, 7, and 9.[10]  (Doc. 72 at 16-17, citing Doc.

21   22 at 22, 29-36.)  Petitioner responds that incorporation does not fundamentally alter the

22   substance of the Ground 1(A). (Doc. 86 at 56-60.)

23           The Court finds the incorporated Grounds do not fundamentally alter the discrete Sixth

24   Amendment violation raised by the core facts alleged in incorporating Ground 1(A).  The

25   incorporated Ground 1 (*Strickland*) allegations do not raise a Sixth Amendment conflict of

26   interest, actual or otherwise, on the Ground 1(A) core facts; and any incorporated allegations of

27   prejudice do not alter, but at most provide further support for the 1(A) allegations.  The

28   _____

[10]   The federal petition intentionally left Ground 9 blank.  *See* Doc. 22 at 271.

incorporated non-*Strickland* Grounds do not alter the substance of Ground 1(A) or improve its evidentiary posture, but at most support it with additional consistent allegations.  Furthermore, the incorporated Grounds are exhausted to the extent discussed below.  (*See* sections IV.B, C, post.)

Grounds 1(B) through (I) and 1(O) variously allege trial counsel's ineffective assistance in the investigation, development, and presentation of the guilt and penalty phase defenses including particularly: (i) mental state evidence, opinion, and argument, (ii) jury selection, (iii) discovery, (iv) admission and exclusion of evidence, (v) witnesses and testimony, (vi) improper and ineffective defense argument, (vii) prosecutorial misconduct, and (viii) the cumulative effect of such prejudicially deficient conduct.  Those grounds allege such failures denied Petitioner's Sixth Amendment rights.  (Doc. 22 at 36-166.)   Respondent argues variously that these Grounds are unexhausted to the extent they each incorporate other and unexhausted Grounds.  Petitioner responds variously that the incorporation language does not fundamentally alter the incorporating Grounds, and that the incorporated Grounds are exhausted.  (Doc. 86 at 60-76.)

Specifically, the parties disagree:

- Whether Ground 1(B) is unexhausted as to co-counsel Stapleton to the extent it incorporates unexhausted Grounds 1 and 7.   (Doc. 72 at 17; Doc. 86 at 56-59.)

- Whether Ground 1(C) is unexhausted to the extent it incorporates allegations in the federal petition including Grounds 1, 10, and 21.  (Doc. 72 at 17; Doc. 86 at 56-59, 61.)

- Whether Ground 1(D) is unexhausted to the extent it incorporates allegations in the federal petition including Grounds 1 and 7.  (Doc. 72 at 17-18; Doc. 86 at 62.)

- Whether Ground 1(E) is unexhausted to the extent it incorporates unexhausted Grounds and new evidence raised in the federal petition.  (Doc. 72 at 18; Doc. 86 at 63.)

- Whether Ground 1(F)(1-4) is unexhausted to the extent it incorporates unexhausted Grounds.  (Doc. 72 at18-23; Doc. 86 at 66, 68, 70.)

- Whether Ground 1(G) is unexhausted to the extent it incorporates unexhausted Grounds.  (Doc. 72 at 24-25; Doc. 86 at 73.)

- Whether Ground 1(H) is unexhausted to the extent it incorporates unexhausted Grounds.  (Doc. 72 at 25; Doc. 86 at 73.)

- Whether Ground 1(I) is unexhausted to the extent it incorporates unexhausted Grounds.  (Doc. 72 at 25-26; Doc. 86 at 74-75.)

- Whether purported Ground 1(O) alleging IAC by failure to present guilt and penalty phase cumulative error, is unexhausted to the extent it incorporates unexhausted Grounds.[11]  (Doc. 72 at 27; Doc. 86 at 75-76.)

The Court finds the incorporated Grounds do not fundamentally alter the discrete Sixth Amendment violation raised by the core facts alleged in these incorporating Grounds.  The incorporated Ground 10 (*Strickland*) penalty phase allegations do not fundamentally alter or substantially improve these Ground 1 (*Strickland*) allegations which relate to the guilt phase.  Any incorporated allegations of prejudice do not alter, but at most provide further support for these Ground 1 allegations.  The incorporated non-*Strickland* Grounds do not alter the substance of the Ground 1 allegations or improve their evidentiary posture, but at most support them with additional consistent allegations.  Furthermore, the incorporated Grounds are exhausted to the extent discussed below.  (*See* sections IV.B, C, post.)

Grounds 10(A), 10(C), 10(G-O), 10(X) variously allege trial counsel's ineffective assistance during the penalty phase by failing to investigate, develop, and present the defense to aggravation and in mitigation, including as to: (i) multigenerational psychosocial history, Petitioner's military and psychosocial histories, intellectual functioning, exposures to neurotoxins, mental health vulnerabilities and "red flags," and mild traumatic brain damage, and expert opinion thereon, (ii) the military's failure to provide Petitioner with needed support and treatment for his alcohol and drug dependence and PTSD, delusional disorder, psychological and emotional disturbances, (iii) Petitioner's mental decompensation prior to the capital crime, (iv) the defense stipulation to inadmissible evidence of military misconduct following reenlistment, (v) the unlikelihood that Petitioner would be a danger in prison and the related failed expert opinion proffer, and (vi) the defense failure to argue Petitioner's redeeming qualities.  Those grounds allege such failures denied the jury Petitioner's full scope sentencing

---

[11]  Purported Ground 1(O) is the "Conclusion" portion of Ground 1.  See Doc. 22 at 166-211.

1  profile and violated his rights under the Sixth, Eighth, and Fourteenth Amendments.  (Doc. 22

2  at 271-438.)

3      Respondent argues the incorporation of Ground 1 (the guilt phase *Strickland* claim),

4  unexhausted portions of Ground 10, and Grounds 3, 7, 13, 17, 21 (*non-Strickland* claims)

5  render the incorporating penalty phase (*Strickland*) Grounds unexhausted by fundamentally

6  altering or improving the incorporating the Claim as presented in state court, and because the

7  incorporated Grounds are unexhausted.  (*See* Doc. 72 at 40-48.)  Particularly, Respondent

8  points to the 2SHCP habeas declarations by defense experts Drs. Marder and Neyland, which

9  he suggests were not presented in state court.  (*Id.*)  Petitioner responds the incorporated

10 Grounds do not fundamentally alter the incorporating Grounds, and that the incorporated

11 Grounds and portions thereof each were exhausted in state court.  (Doc. 86 at 98-124.)

12     The Court finds the incorporated Grounds do not fundamentally alter or substantially

13 improve the discrete Sixth Amendment violation raised by the core facts alleged in these

14 incorporating Grounds.  The incorporated Ground 1 (*Strickland*) allegations do not

15 fundamentally alter or substantially improve these Ground 10 (*Strickland*) allegations which

16 relate to the penalty phase.  Any incorporated allegations of prejudice do not alter, but at most

17 provide further support for these Ground 10 allegations.  The incorporated non-*Strickland*

18 Grounds do not fundamentally alter the substance of these Ground 10 allegations or improve

19 their evidentiary posture, but at most support the Ground 10 allegations with additional

20 consistent allegations.  Furthermore, the incorporated Grounds are exhausted to the extent

21 discussed below.  (*See* sections IV.B, C, post.)

22     **2.      Prosecutorial Misconduct – Grounds 2, 7, 12**

23     Ground 2 variously alleges government misconduct relating to intrusion upon and use of

24 confidential and privileged defense legal documents found in Petitioner's cell, violating

25 Petitioner's Fourth, Fifth, Sixth, and Fourteenth Amendment rights.  (Doc. 22 at 166-82.)

26 Respondent argues that Ground 2 is unexhausted to the extent it incorporates unexhausted

27 Grounds.  (Doc. 72 at 28.)  Petitioner responds that incorporation does not fundamentally alter

28 the Claim as presented in state court.  (Doc. 86 at 77-78.)

1    Respondent has not identified an incorporated Ground that fundamentally alters or

2    substantially improves the discrete Fourth, Fifth, Sixth, and Fourteenth violations alleged in

3    incorporating Ground 2.  Furthermore, the incorporated Grounds are exhausted to the extent

4    discussed below.  (*See* sections IV.B, C, post.)

5    Grounds 7(B)(1), 7(B)(3), 7(B)(7), and 7(D-G) variously allege government misconduct

6    relating to presentation of false and misleading evidence; improper argument; concealing trial

7    counsel Buckwalter's conflicts; jury selection; and courtroom security, in violation of

8    Petitioner's Fourth, Fifth, Sixth, and Fourteenth Amendment rights.  (Doc. 22 at 211-259.)

9    Grounds 7(H) and 7(I) allege trial and appellate counsel ineffective assistance (respectively) in

10   relation to the prosecutorial misconduct.  (*Id*. at 258-59.)

11   Respondent argues the incorporation of Grounds 1(A), 1(D), 1(F), 1(H), 2, 3, 7, 11, and

12   12, and unspecified unexhausted Grounds render the incorporating prosecutorial misconduct

13   Grounds 7(B)(1), 7(B)(3), 7(B)(7), and 7(D) through (I) unexhausted by fundamentally altering

14   or improving the incorporating Grounds and because the incorporated Grounds are

15   unexhausted.  (*See* Doc. 72 at 34-38.)  Petitioner responds the incorporated Grounds do not

16   fundamentally alter or improve the incorporating Grounds, and that the incorporated Grounds

17   each were exhausted in state court.  (Doc. 86 at 89-94.)

18   The Court finds the incorporated Grounds do not fundamentally alter or substantially

19   improve the discrete Fourth, Fifth, Sixth, and Fourteenth Amendment violations raised by the

20   core facts alleged in these incorporating Grounds 7(B)(1), 7(B)(3), 7(B)(7), and 7(D) through

21   (I).  The incorporated Ground 1 (*Strickland*) allegations do not fundamentally alter the

22   substance of the incorporating (non-*Strickland*) Grounds 7 or improve the evidentiary posture

23   thereof, and at best provide further support for the purported *Strickland* allegations in these

24   Grounds 7.  Furthermore, the incorporated Grounds are exhausted to the extent discussed

25   below.  (*See* sections IV B, C, post.)

26   Ground 12 variously alleges the prosecutor's improper and inflammatory penalty phase

27   closing argument, in violation of Petitioner's Fourth, Fifth, Sixth, and Fourteenth Amendment

28   rights.  (Doc. 22 at 446-55.)  Respondent argues that Ground 12 is unexhausted to the extent it

1  incorporates unspecified unexhausted allegations in the federal petition. (Doc. 72 at 49.)

2  Petitioner responds that the incorporated language does not fundamentally alter Ground 12.

3  (Doc. 86 at 128.)

4      The Court finds Respondent has not identified an incorporated Ground that fundamentally

5  alters or substantially improves the discrete Fourth, Fifth, Sixth, and Fourteenth violation raised

6  by the core facts alleged in incorporating Ground 12. Furthermore, the incorporated Grounds

7  are exhausted to the extent discussed below. (*See* sections IV.B, C, post.)

8      **3.    Trial Court Error – Grounds 3, 4, 5, 6, 11, 13, 14, 15, 16, 17**

9      These Grounds variously allege trial court error relating to excessive physical restraints

10  and courtroom security during guilt and penalty phases; admission and exclusion of evidence,

11  including admission of improper victim impact evidence; preclusion of mitigating evidence

12  regarding future dangerousness and institutional adjustment and related opinion, and the trial

13  court's related erroneous admonition; preclusion of mitigating evidence of more egregious

14  cases; instructional error; insufficient evidence; and preclusion of argument regarding mercy.

15  These errors allegedly violated Petitioner's First, Fifth, Sixth, Eighth, and Fourteenth

16  Amendment rights. (Doc. 22 at 182-211, 259-71, 438-46, 455-502.)

17      Respondent argues the incorporation of unspecified, unexhausted Grounds, allegations

18  within the federal petition, and Grounds 1, 3, 7, 10, 11, 12, 14, 16, 18, 19, 20, and 21, including

19  supporting exhibits, renders the incorporating trial court error Grounds unexhausted. (Doc. 72

20  at 29-30, 48-52.) Petitioner responds that the incorporation language does not fundamentally

21  alter the incorporating Ground, and that the incorporated Grounds are exhausted. (Doc. 86 at

22  78-82, 126-28, 131, 134.)

23      The Court finds the incorporated Grounds including supporting evidence do not

24  fundamentally alter or substantially improve the discrete First, Fourth, Fifth, Sixth, and

25  Fourteenth Amendment violations raised by the core facts alleged in these incorporating

26  Grounds. The incorporated Grounds 1 and 10 (*Strickland*) allegations do not fundamentally

27  alter or substantially improve the substance of these incorporating (non-*Strickland*) Grounds or

28  improve the evidentiary posture thereof. The same goes for the incorporated non-*Strickland*

1  Grounds.  Furthermore, the incorporated Grounds are exhausted to the extent discussed below.

2  (*See* sections IV.B, C, post.)

3        **4.  Unconstitutionality of California's Death Penalty Process – Grounds 18, 19,**

4           **23, 24**

5        These Grounds variously allege that California's Death Penalty process, facially and as

6  applied, is arbitrary, capricious, unreliable, and unconstitutional, including as to pattern

7  instructions which allow double-counting and over-weighing of special circumstances; the

8  failure to narrow the class of murderers eligible for death; the sentencing scheme including

9  aggravating and mitigating factors and the weighing process; lack of a standard of proof,

10  unanimity, and reviewable findings; unguided sentencing discretion; lack of a presumption of

11  life; lack of inter-case proportionality review; denial of equal protection; lack of standards of

12  decency; unreliability and unconscionably long delays; inconsistency with evolving norms in

13  the context of accruing empirical evidence and studies; excessive prosecutorial discretion; and

14  juries tainted by death qualification.  These defects are alleged to violation Petitioner's rights

15  under the Fifth, Sixth, Eighth, and Fourteenth Amendments, and International Law.  (Doc. 22 at

16  502-23, 542-74.)

17        Respondent argues the incorporation of exhibits for Grounds 11 through 18 and 21

18  through 24, and unexhausted allegations in the federal petition, renders the incorporating

19  Grounds unexhausted.  (Doc. 72 at 53, 56-58, 62.)  Petitioner responds that the incorporation

20  language does not fundamentally alter the incorporating Grounds, and that the incorporated

21  Grounds are exhausted and/or that as to Ground 24 exhaustion should be excused.  (Doc. 86 at

22  134-37, 144-56 & n.27.)

23        The Court finds the incorporated Grounds including supporting evidence do not

24  fundamentally alter or substantially improve the discrete Fourth, Fifth, Sixth, and Fourteenth

25  Amendment violations raised by the core facts alleged in these incorporating Grounds.

26  Particularly, the incorporated trial court error Grounds neither fundamentally alter the substance

27  of these incorporating Grounds, which mount a constitutional challenge to California's death

28  penalty statute and process, nor substantially improve the evidentiary posture of the

incorporating Grounds.  Furthermore, the incorporated Grounds are exhausted to the extent

discussed below.  (*See* sections IV.B, C, post.)

### 5.     Juror Misconduct – Ground 20

This Ground variously alleges jurors, including Jurors #25, #43, #54, and #55 breached

their duty including by failing to give honest and accurate answers to questions in the juror

questionnaire and during voir dire; considering improper extrinsic evidence; prejudging the case

before the presentation of all evidence and/or discussing the case outside of deliberations; and

failing to deliberate and otherwise follow the court's instructions.  These actions and omissions

are alleged to have violated Petitioner's rights under the Sixth, Eighth, and Fourteenth

Amendments, and International Law.  (Doc. 22 at 524-37.)

Respondent argues that Ground 20(A), the "Introduction" to the juror misconduct

allegations, which  incorporates all allegations in the federal petition and specifically includes

the accompanying exhibits set forth in Grounds 1, 2, 3, 6, and 8 (alleging violations of the

Sixth, Eighth, and Fourteenth Amendments and International Law) is unexhausted to the extent

it asserts errors and incorporates other unexhausted allegations.  (Doc. 72 at 53.)  Petitioner

responds that incorporation of all other allegations into Ground 20(A), including the

accompanying exhibits for Grounds 1, 2, 3, 6, and 8, does not fundamentally alter Ground

20(A) allegations as presented in state court.  (Doc. 86 at 137.)

The Court finds the incorporated Grounds including supporting evidence do not

fundamentally alter the discrete Fourth, Fifth, Sixth, and Fourteenth Amendment violations

raised by any core facts alleged in this purported incorporating Ground.  Particularly, the

incorporated *Strickland*, trial court error, and prosecutorial misconduct Grounds do not

fundamentally alter or substantially improve the incorporating Ground raising jury misconduct.

Furthermore, the incorporated Grounds are exhausted to the extent discussed below.  (*See*

sections IV.B, C, post.)

### 6.     Death Sentence Ineligibility – Ground 21

This Ground variously alleges that Petitioner's mental deficits and vulnerabilities, which

at the time of the capital crime and trial included brain dysfunction, substance abuse disorders

and dependence, post-traumatic stress disorder, psychotic delusional disorder, cognitive impairments due to mild traumatic brain injury, and major depression, left him unable to modulate or control his behavior, such that execution of the death sentence will deny Petitioner's rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments and International Law. (Doc. 22 at 538-41.)

Respondent argues Ground 21 is unexhausted to the extent it incorporates all allegations in the federal petition, and exhibits supporting Grounds 1 and 10. (Doc. 72 at 55-56.) Particularly, Respondent points to the 2SHCP declarations by defense mental health experts Drs. Marder and Neyland, which he suggests were not presented in state court. (*Id*.) Petitioner responds that incorporation of all other allegations into Ground 21, including the incorporation of all allegations and accompanying exhibits set forth in Grounds 1 and 10, does not fundamentally alter Ground 21. (Doc. 86 at 144.)

The Court finds the incorporated Grounds including supporting evidence do not fundamentally alter the discrete Fifth, Sixth, Eighth, and Fourteenth Amendment violations raised by the core facts alleged in the incorporating Ground. The incorporated Grounds 1 and 10 (*Strickland*) allegations do not fundamentally alter the substance of the incorporating (non-*Strickland*) Ground raising a yet to ripen constitutional challenge to execution, or substantially improve the incipient evidentiary posture thereof. The same goes for the incorporated non-S*trickland* Grounds. Furthermore, the incorporated Grounds are exhausted to the extent discussed below. (*See* sections IV.B, C, post.)

### 7.    Cumulative Effect of Constitutional Errors – Ground 25

This Ground variously alleges the cumulative effect of the federal constitutional errors, including that IAC by trial counsel undermines confidence in the integrity of the liability and penalty phase proceedings, rendering Petitioner's conviction and sentence fundamentally and constitutionally unfair and unreliable. (Doc. 22 at 574-75.)

Respondent argues that Ground 25 is unexhausted to the extent it incorporates unexhausted Grounds and allegations in the federal petition. (Doc. 72 at 60.) Petitioner does not specifically address exhaustion in the context of incorporated Grounds, responding instead

1    that Ground 25 is "at least partly exhausted," on a substantive basis.  (Doc. 86 at 156-65; *see*

2    section IV C 7, post.)

3          The Court finds the incorporated Grounds including supporting evidence do not

4    fundamentally alter, but rather aggregate to the cumulative due process violations raised in the

5    incorporating Ground 25.  Furthermore, the incorporated Grounds are exhausted to the extent

6    discussed below.  (*See* sections IV.B, C, post.)

7          In sum, dismissal based on incorporation is not warranted as to any of the Grounds

8    discussed above.[12]

9          **B.      Exhaustion of Grounds Voluntarily Dismissed on Appeal**

10         Respondent also argues Grounds 7(C) and 24 (i.e. 2SHCP Claims 4 [portion] and 10,

11   respectively), which Petitioner voluntarily dismissed following the Court of Appeal's issuance

12   of a COA, are unexhausted.[13]  (Doc. 72 at 36, 57-59.)

13         Petitioner responds that exhaustion should be excused.  Particularly, Petitioner argues that

14   exhaustion of Grounds 7(C) and 24 should be excused due to an ineffective state corrective

15   process that involves inordinate delay, during which his health deteriorated and critical

16   evidence supporting relief was lost.  (Doc. 86 at 43-50, 92.)  Petitioner additionally argues that

17   exhaustion of Ground 24 should be excused on grounds of futility, pointing to the CSC's

18   repeatedly rejection of Eighth Amendment (excessive delay) challenges to the state's death

19   penalty process.  (*See* Doc. 86 at 145-56.)

20         The Court finds that Grounds 7(C) and 24 are unexhausted, as discussed below.

21         **1.      Ground 7(C): Prosecution Lies to Julie Ervine to Deny Access to Her**

22         Respondent argues that Ground 7(C) is unexhausted through the level of the CSC because

23   Petitioner dismissed it during the pendency of appeal in the Court of Appeal.  (Doc. 72 at 36.)

24   Petitioner responds the state corrective process is ineffective.  Petitioner points to inordinate

25   [12]  The Court is unpersuaded by Respondent's argument that California Rules of Court
     (hereinafter "CRC") regarding claim incorporation are a basis to find otherwise, for the reasons
26   stated.  (See Doc. 94 at 12-15, citing CRC 8.504, 8.508.)   Moreover, the cases cited by
     Respondent (*see id*.) are distinguishable given the facts and circumstances before the Court.
27

28   [13]  Petitioner dismissed these Claims during the briefing stage of appeal with the Court of Appeal.
     See Docs. 69-33; 69-34.

1   delay by the state court system, failing to resolve this Claim for over seven years, with no clear

2   end in sight.  Petitioner points out he has grown old and ill during the state caused delay, while

3   evidence becomes stale and is lost.  (Doc. 86 at 92.)

4          There is an exception to the requirement that a state prisoner exhaust all available state

5   court process before seeking federal habeas corpus relief in cases where "[c]ircumstances exist

6   that render such process ineffective to protect the rights of the applicant."  28 U.S.C. §

7   2254(b)(1)B)(ii); *see also Boerckel*, 526 U.S., at 847-48; *Harris v. Reed*, 489 U.S. 255, 268

8   (1989) (O'Connor, J., concurring) ("[I]n determining whether a remedy for a particular

9   constitutional claim is 'available,' the federal courts are authorized, indeed required, to assess

10  the likelihood that a state court will accord the habeas petitioner a hearing on the merits of his

11  claim."); *Phillips v. Woodford*, 267 F.3d 966, 974 (9th Cir. 2001) (exhaustion satisfied where the

12  state courts would not afford petitioner a hearing on the merits of his unexhausted claims); *Coe*

13  *v. Thurman*, 922 F.2d 528, 530-531 (9th Cir. 1990) (excessive delay, denying due process, may

14  excuse exhaustion).  The futility exception is applicable only in rare circumstances where state

15  remedies are clearly inadequate.  *See Smith v. Clark*, No. 1:21-CV-01554-EPG, 2021 WL

16  5234389, at *1 (E.D. Cal. Nov. 10, 2021) (citing *Hendricks v. Zenon*, 993 F.2d 664, 672 (9th

17  Cir. 1993)) (quoting *Granberry v. Greer*, 481 U.S. 129, 134 (1987)) (recognizing that the

18  exhaustion requirement may be excused "in rare cases where exceptional circumstances of

19  peculiar urgency are shown to exist[.]").

20         The applicable excuse must be clear.  *See Gray*, 518 U.S., at 161 (excusing exhaustion "if

21  it is clear that [the] claims are now procedurally barred under [state] law"); *see also Engle v.*

22  *Isaac*, 456 U.S. 107, 130 (1982) (explaining the petitioner "may not bypass the state courts

23  simply because he thinks they will be unsympathetic to the claim").  "[O]rdinarily, where an

24  exhaustion defense is raised, the petitioner can cure the defect by exhausting thereafter."

25  *Franklin v. Johnson*, 290 F.3d 1223, 1231 (9th Cir. 2002).  "Under the exception contained in §

26  2254(b)(1)(B)(ii) . . . a petitioner may seek redress in federal court if the [state] corrective

27  process is so clearly deficient as to render futile any effort to obtain relief."  *Alfaro v. Johnson*,

28  862 F.3d 1176, 1180 (9th Cir. 2017) (quoting *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981)).

1    Futility is more appropriately found when purely legal issues are raised. *See Noltie v. Peterson*,

2    9 F.3d 802, 806 (9th Cir. 1993) (agreeing with district court's observation that "the futility

3    doctrine is most compelling where the question is one of pure law, and the circumstances of the

4    individual case are largely irrelevant[.]").

5          Courts look to four factors in determining whether the state's delay in adjudicating a

6    petitioner's claim satisfies either of the § 2254(b)(1)(B) exceptions or violates due process: (1)

7    the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right,

8    and (4) prejudice to the defendant. *See Coe,* 922 F.2d at 531; *see also Hill v. Chappell*, No. 12-

9    cv-4909 CAS, 2012 WL 2340875, at *4 (C.D. Cal. June 19, 2012) (to the extent that federal

10   courts are willing to consider the circumstances under which a petitioner can avoid exhaustion

11   under section 2254(b)(1)(B), the petitioner must establish that to do so would be pointless).

12   Notably, the court in *Coe* observed that "there is no talismanic number of years or months, after

13   which due process is automatically violated."). *Coe*, 922 F.2d at 531.

14         Here, the Court finds these factors do not weigh in favor of the § 2254(b)(1)(B)

15   exceptions or demonstrate a violation of Petitioner's due process rights. Petitioner has not

16   proffered facts that the length of the alleged appellate delay (seven years since filing of the

17   2SHCP through completion state court review at all three levels) is itself "unusual,"

18   "extraordinary," or "unreasonable." *See Hill,* 2012 WL 2340875, at *2 (there is no controlling

19   case law in the Ninth Circuit that lengthy appellate delay alone could support a finding that

20   pending habeas claims have been exhausted); *cf*., *James v. Reese,* 546 F.2d 325, 327 n.1 (9th

21   Cir. 1976) (undue delay in state court, not attributable to petitioner, may excuse exhaustion).

22         As noted above, federal courts have narrowly applied the futility doctrine as an excuse

23   from exhaustion, finding futility most appropriate where the state claims raise purely legal

24   issues. *See Lynce v. Mathis*, 519 U.S. 433, 436 n.4 (1997) (excusing the petitioner from

25   presenting his *Ex Post Facto* Clause claim to the highest state court where that court had

26   rejected the identical claim in another case); *see also Serrano*, 454 U.S. at 3 (the [28 U.S.C. §

27   2254(b)(1)(B)(i)] exception applies "if the corrective process is so clearly deficient as to render

28   futile any effort to obtain relief"); *Noltie*, 9 F.3d, at 806 ("The case for the futility doctrine is

19

1    most compelling where the question is one of pure law, and the circumstances of the individual

2    case are largely irrelevant.").  Notably here, the Court of Appeal specifically denied Petitioner's

3    claim of delay in that proceeding.  (Doc. 69-34.)

4        Petitioner has not argued, much less demonstrated, that Ground 7(C) raises purely legal

5    issues.  *See Taylor v. King*, No. 12-cv-8764-CJC SP, 2012 WL 7145708 at *2 (C.D. Cal. Dec.

6    10, 2012), *report and recommendation adopted*, 2013 WL 571803 (C.D. Cal. Feb. 7, 2013)

7    (recognizing that both the United States Supreme Court and the Ninth Circuit Court of Appeals

8    have narrowly applied the futility exception).  The Ground on its face raises facts of the acts,

9    omissions, and mental state of the prosecutor and Petitioner's wife, Julie Ervine.

10       Furthermore, Petitioner's Claim was in the briefing stage and proceeding to disposition on

11   the merits at the time he dismissed it.  Merely raising doubt about the effectiveness of future

12   state court habeas process is not a basis upon which to find exhaustion.  *See Isaac*, 456 U.S. at

13   130; *McDaniel v. Holland*, 631 F. Supp. 1544, 1545 (S.D. W.Va. (1986) (a federal court should

14   defer until the question of whether state remedy is available, is decided in the state forum);

15   *Bergenthal v. Mathews*, 392 F. Supp. 1267, 1271-72 (E.D. Wis. 1975) (potential for delay in the

16   course of state postconviction proceeding did not make state postconviction relief inadequate

17   for purposes of exhaustion).

18       Finally, Petitioner has not demonstrated prejudice raised by state court delay in

19   considering his Claim on appeal.  Courts generally consider three factors when determining

20   prejudice: (1) oppressive incarceration pending appeal, (2) anxiety and concern of the accused

21   awaiting the outcome of the appeal, and (3) the possibility that grounds for appeal or defense

22   upon any retrial will be impaired.  *Barker v. Wingo,* 407 U.S. 514, 532 (1972); *Coe,* 922 F.2d,

23   at 532. The last factor is the most significant.  *Id.*  Petitioner's proffer of prejudice raised by

24   possible continuing delay on state appeal, particularly as to age, health, and evidentiary

25   impairment, does not rise above speculation.  A merely conclusory assertion is insufficient to

26   demonstrate that either excuse clearly applies.  *See Cassett v. Stewart*, 406 F.3d 614, 623 (9th

27   Cir. 2005) (concluding potential default was "not clear" so as to excuse exhaustion).

28   ////

20

1    2.    **Ground 24: The Death Sentence Imposed on Petitioner Violates the Eighth Amendment to the United States Constitution and International Law**

2

3    Respondent argues that Ground 24 challenging California's death penalty scheme in

4    general and as implemented in this case, as violative of the Fifth, Eighth and Fourteenth

5    Amendments, the Supremacy Clause, and Internation Law, is unexhausted to the extent it was

6    not fairly and fully presented to the CSC during the first state habeas proceeding, and not

7    included in the PFR.  (Doc. 72 at 57-58.) Petitioner responds that inclusion of the Claim in PFR

8    to the CSC was unnecessary because the Court of Appeal had issued a COA; and that

9    exhaustion of this voluntarily dismissed Ground should be excused due to ineffective state

10    corrective process, occasioned by inordinate delay in the state court system as discussed above

11    in the context of Ground 7(C), and due to futility raised by the CSC's repeated refusal to grant

12    relief on the type of Eighth Amendment challenge he brings.  (Doc. 86 at 146.)

13    Applying the standards and reasoning discussed above, the Court rejects claimed

14    ineffective state process, and claim futility, and finds that Ground 24 is unexhausted.

15    Petitioner has not shown on the factual record, prejudice from inordinate delay, for the same

16    reasons discussed above in the context of Ground 7(C).  Moreover, as with Ground 7(C) above,

17    Ground 24 was in the briefing stage in the Court of Appeal and on track for disposition on the

18    merits at the time Petitioner dismissed it.

19    Additionally, Petitioner has not shown futility based upon the CSC's rejection of Eighth

20    Amendment challenges of the state's death penalty process in other cases.  Ground 24 does not

21    present purely a question of law, and to that extent is not appropriate for application of the

22    futility doctrine.  *Noltie*, 9 F.3d, at 806.  Instead, Ground 24 is fact intensive and reliant upon

23    iterative empirical data, evolving societal norms, and the facts and circumstances of Petitioner's

24    confinement including its duration and his physical and mental wellbeing over time.  The Court

25    is unpersuaded that Ground 24 presents the CSC with the very claim it has rejected in the past

26    in other cases.

27    In sum, Petitioner's speculation is not a basis upon which to conclude relief on Claims

28    7(C) and 24 in the Court of Appeal would have been unavailable or futile.  *See Phillips*, 267

1   F.3d, at 974; *see also* Doc. 86 at 145-56, citing *Glossip v. Goss*, 576 U.S. 863, 908-48 (2015)

2   (Breyer, J., dissenting); *Jones v. Chappell*, 31 F. Supp. 3d 1050 (C.D. Cal. 2014), *reversed on*

3   *other grounds*, *Jones v. Davis*, 806 F.3d 538 (9th Cir. 2015); *Lackey v. Texas*, 514 U.S. 1045,

4   1045-46 (Stevens, J., respecting the denial of certiorari) (1995).  Particularly so, as relying upon

5   the futility doctrine as an excuse from the exhaustion requirement has been met with disfavor.

6   *LaGrand v. Stewart*, 173 F.3d 1144, 1147-48 (9th Cir. 1999); *Barker,* 407 U.S. at 532; *Stanley*

7   *v. Ayers*, No. 07-cv-04727-EMC, 2017 WL 2224815, at *18 (N.D. Cal. May 22, 2017) ("*Jones*

8   did not excuse exhaustion where the substantive claim has possible merit.").  The Court finds

9   that Ground 7(C) and Ground 24 are unexhausted.

10      **C.      Disputed Exhaustion Status of Individual Substantive Grounds**

11          Respondent argues that sixty-two Grounds alleged in the federal petition were not fairly

12  presented to the CSC, and are unexhausted.  As discussed above, the highest state court must

13  have been presented with a meaningful opportunity to apply controlling legal principles to the

14  facts underlying Petitioner's federal Grounds.  *See Frazier v. Eaton*, 2022 WL 676167, at *1

15  (E.D. Cal. Feb. 3, 2022) (citing *Picard*, 404 U.S. at 276; *Middleton v. Cupp*, 768 F.2d 1083, 1086

16  (1985)).  "A claim has not been fairly presented in state court if new factual allegations either

17  fundamentally alter the legal claim already considered by the state courts, or place the claim in a

18  significantly different and stronger evidentiary posture than it was when the state courts

19  considered it."  *Weaver v. Davis*, 2020 WL 7353758, at *3 (S.D. Cal. Dec. 15, 2020) (citing

20  *Hillery*, 474 U.S., at 260 (1986); *Beaty v. Stewart*, 303 F.3d 975, 989-90 (9th Cir. 2002)).

21          The Court finds the record to reflect a merits disposition, through the level of the CSC, of

22  all Claims presented on appeal, in the 1SHCP, and in the 2SHCP.[14]  The automatic appeal and the

23  1SHCP were decided directectly by the CSC, which issued merits rulings.  (*See Ervine* , 47 Cal.

24  4th, 745; Docs. 16-115, 16-117.)  The Superior Court issued a reasoned merits decision on the

25  2SHCP Claims, finding them successive, and denying COA.  (Doc. 69-20.)  Particularly, the

---

26  [14]  The Court rejects any suggestion by Respondent that 2SHCP Claims and evidence were
    presented to the CSC only in a procedural context and thus unexhausted, for the reasons stated.
27  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (raising a claim for the first time only in a
28  procedural context does not constitute "fair presentation.").

1  Superior Court found the reasserted (supplemented) 1SHCP Claims 3, 4, 5, 6, 8, and 10 still

2  failed to state a prima facie claim for relief.[15]  (*Id.*)  The Superior Court declined COA because

3  the 2SHCP failed to state any substantial claim for relief.  (*Id.* at 12, citing Pen. Code section

4  1509.1(c)).

5      Petitioner's subsequent appeal and PFR to the Court of Appeal and CSC respectively

6  placed the Superior Court's reasoned merits decision before those courts.  (*See* Docs. 69-21, 69-

7  28, 69-29, 69-32).  Courts "look through the subsequent unexplained denials to that [reasoned]

8  opinion, unless respondent has carried his burden of adducing strong evidence that one of the

9  subsequent courts reached the merits of the federal claim."  *Ylst v. Nunnemaker*, 501 U.S. 797,

10  806 (1991).

11      The Court, having reviewed the record and mindful of the foregoing, finds that Petitioner

12  has fairly presented and thus exhausted the Grounds contested by Respondent, with the exception

13  of that portion of Ground 15 raising a First Amendment violation based upon a "state sanctioned

14  religious view."  The Court discusses its reasoning, below.

15      **1.    Ineffective Assistance of Trial Counsel – Grounds 1, 10**

16          *a.    Ground 1(A): IAC Due to Lead Counsel Conflicts of Interest*

17      Respondent argues that Ground 1(A), alleging ineffective assistance by lead counsel

18  Buckwalter at the guilt phase due to conflicts of interest, is unexhausted to the extent of

19  allegations of prejudice resulting from conflicted counsel's failure to challenge the lawfulness

20  of Sheriff's Deputies' attempted arrest or their failure to follow safety protocol, and failure to

21  develop and present a mental state defense based on delusional beliefs, Vietnam experience,

22  head injuries, and neurotoxin exposure.  (Doc. 72 at 16-17.)

23      Petitioner responds that Ground 1(A) was fairly presented in the 1SHCP, and that any

24  newly added language in the federal petition does not fundamentally alter the Claim as

25  presented in state court, but provides further examples of counsel's ineffective assistance.

26  (Doc. 86 at 59-60.)

27

---

28  [15]  The Superior Court applied "long-standing habeas corpus jurisprudence" declining to reach
applicability of Penal Code section 1509.   *See* Doc. 69-20 at 9, n.4.

1    The Court finds that Petitioner did fairly present Ground 1(A) to the CSC raising a claim

2    under the Fifth, Sixth, Eighth, and Fourteenth Amendments based upon (1) operative facts,

3    including trial counsel Buckwalter's undisclosed conflicts of interest relating to his relationship

4    with the Deputies involved in the shooting, the Griffith family, the Tweedle family (i.e. Laura

5    Griffith's family); trial counsel's prior representation of Laura Griffith in a family law matter;

6    and trial counsel's representation of Petitioner in acrimonious divorce proceedings against Julie

7    Ervine after his arrest; and (2) allegations of prejudice as a result of the conflict, including

8    failure reasonably to investigate, prepare, and present all readily available evidence and

9    defenses at trial, including mental state defenses, defense to special circumstances, and defenses

10   to the prosecution's theory that Petitioner fired the first shot.  (Doc. 16-46 [1SHCP] at 46-51;

11   Doc. 16-98 [Petitioner's Informal Reply, hereafter "PIR"] at 42-51, 55); *see also* Doc. 69-4 at

12   12-16.)  Ground 1(A) is exhausted.

13              b.      *Ground 1(B): IAC Due to Untimely and Incomplete Discovery*

14   Respondent argues that Ground 1(B) alleging IAC by co-counsel Stapleton by failing to

15   pursue timely and complete penalty phase discovery from the prosecution is unexhausted to the

16   extent not raised in state court.[16]  (Doc. 72 at 17.)  Petitioner responds that Ground 1(B) was

17   fairly presented in the 1SHCP as to counsel in the singular and plural; and that any newly added

18   language in the federal petition does not fundamentally alter the Claim as presented in state

19   court, but provides further examples of counsel's ineffective assistance.  (Doc. 86 at 60-61.)

20   The Court finds that Petitioner did fairly present this Ground to the CSC by raising a

21   claim under the Fifth, Sixth, Eighth, and Fourteenth Amendments, and International Law based

22   upon operative facts of trial counsel's failure to discover and develop timely and complete guilt

23   and penalty phase evidence, thereby prejudicing Petitioner at all critical stages of the criminal

24   proceedings, and further resulting in a complete breakdown in the adversarial process such that

25   prejudice is presumed.  (Doc. 16-46 [1SHCP] at 30, 52-110; Doc. 16-98 [PIR] at 51-125; *see

26   also* Doc. 69-4 [2SHCP] regarding trial counsel's unreasonable division of labor including as to

27

28   [16]  Respondent concedes that Petitioner exhausted this ground as to lead counsel Buckwalter.  *See* Doc. 72 at 17.

1    mental state defenses and law enforcement special circumstances] at 6-24, 41-46.)  Ground 1(B)

2    is exhausted.

3                    c.    *Ground 1(C): IAC by Failure to Exclude Post-Arrest Statements*

4            Respondent argues that Ground 1(C) alleging IAC by failure to challenge the

5    prosecution's use of Petitioner's post-arrest statements made to California DOJ ("DOJ") is

6    unexhausted to the extent not raised in the 2SHCP.  (Doc. 72 at 17.)  Petitioner responds that

7    Ground 1(C) was fairly presented in the 1SHCP.  (Doc. 86 at 39, 60-61.)

8            The Court finds that Petitioner did fairly present this Ground to the CSC by raising a

9    claim under the Fifth, Sixth, Eighth and Fourteenth Amendments on operative facts of failure to

10   adequately object to admission of Petitioner's statements to law enforcement, including as to

11   involuntary inculpatory statements (Doc. 16-46 [1SHCP] at 54-58; Doc. 16-98 [PIR] at 55-67),

12   where the jury was not instructed to view his oral admission with caution (Doc. 16-36 [AOB] at

13   120-31; Doc. 16-38 [Appellant's Reply Brief, hereafter "ARB"] at 64-70).  Ground 1(C) is

14   exhausted.

15                   d.    *Ground 1(D): IAC by Failure to raise Batson Objection (Gender)*

16           Respondent argues that Ground 1(D), alleging ineffective assistance of counsel by failure

17   to challenge the prosecution's "pattern and practice" of peremptory challenges based on gender,

18   is unexhausted to the extent it adds the allegation that the "prosecutors in this case engaged in a

19   pattern and practice of peremptorily challenging jurors on the basis of gender[,]" and

20   incorporates allegations in the federal petition including Grounds 1 and 7.  (Doc. 72 at 17-18.)

21   Respondent also argues Ground 1(D) was not presented in the 2SHCP.  (*Id*.)  Petitioner

22   responds that Ground 1(D) was fairly presented in the 1SHCP, and that the added language

23   does not fundamentally alter the Claim presented in state court.  (Doc. 86 at 39, 62.)

24           The Court finds that Petitioner did fairly present this Ground to the CSC by raising a

25   Fifth, Sixth, Eighth, and Fourteenth Amendment claim based upon operative facts including the

26   prosecution's peremptory gender challenges of prospective jurors and *Batson*/*Wheeler*

27   violations.[17]  (Doc. 16-46 [1SHCP] at 58-60 Doc. 16-98 [PIR] at 67-75.)  The challenged

28   ─────────────────────
[17]  *Batson v. Kentucky*, 476 U.S. 79 (1986); *People v. Wheeler*, 22 Cal. 3d 258 (1978).

1   language does not fundamentally alter or substantially add to the evidentiary weight of the

2   Claim as presented in state court).  Ground 1(D) is exhausted.

3            *e.*    *Ground 1(E): IAC due to Unkept Promises in Opening Statement*

4           Respondent argues that Ground 1(E), alleging IAC during the opening statement, is

5   unexhausted to the extent of allegations that counsel "curtailed the investigator's work and did

6   not request that the investigator accompany him when he interviewed [Deputy] Mahan[,]" and

7   allegations counsel made "multiple false promises [that] undermined his ability to be an

8   effective advocate on any question of fact." (Doc. 72 at 18.)  Respondent argues Ground 1(E)

9   was not presented in the 2SHCP.  (*Id.*)  Petitioner responds that Ground 1(E) was fairly

10  presented in the 1SHCP, and that the added language does not fundamentally alter the Claim.

11  (Doc. 86 at 39, 60-63.)

12          The Court finds that Petitioner did fairly present this Ground to the CSC by raising a

13  Fifth, Sixth, Eighth, and Fourteenth Amendment claim based upon operative facts, including

14  ineffective opening statement regarding what the evidence would show, particularly as to the

15  prosecution case and forensic evidence, including as to who fired the fatal shot, and trial

16  counsel's unkept promises regarding evidentiary support for the trial defense.  (Doc. 16-46

17  [1SHCP] at 60-62; Doc. 16-98 [PIR] at 75-79.)  The Court further finds the specific language in

18  the Ground challenged by Respondent as unexhausted merely supplements the Ground with

19  additional argument and evidence exemplifying, but not fundamentally altering, the Claim or

20  substantially improving its evidentiary weight, as presented in state court.  Ground 1(E) is

21  exhausted.

22            *f.*    *Grounds 1(F)(1-4): IAC by Failure to Investigate Available Defenses*

23          Respondent argues that Grounds 1(F)(1-4), alleging ineffective assistance of counsel by

24  failure to investigate and present mental health and mens rea defenses during the guilt phase,

25  including counsel's unreasonable division of labor; failure to elicit testimony from Julie Ervine,

26  including as to Petitioner's PTSD, delusional disorder or self-defense; failure to develop mental

27  health expert opinion; failure to develop mental health "red flag" evidence including as to

28  Petitioner's catatonic state immediately following his arrest, his jailhouse writings, and

1   Petitioner's false beliefs relative to Julie; failure to undermine actual guilt; and unreasonably

2   calling Petitioner to testify, are unexhausted to the extent not raised in state court.  (Doc. 72 at

3   18-23.)  Particularly, Respondent argues these Grounds were not raised in the 2SHCP or the

4   PFR to the CSC.  (*Id.*)  Petitioner responds that Grounds 1(F)(1-4) were fairly raised in the

5   1SHCP, and that in any event the challenged language including corroborating expert opinion

6   does not fundamentally alter the Claim raised in state court.  (Doc. 86 at 63-68.)

7        The Court finds that Petitioner did fairly present the challenged Grounds to the CSC by

8   raising a Fifth, Sixth, Eighth, and Fourteenth Amendment violation based upon operative facts

9   including failure to adequately investigate the defense; seek timely and complete discovery;

10  retain experts; conduct crime scene forensic analysis; present and argue meritorious guilt and

11  special circumstance defenses, including as to mens rea and actus rea; develop and present

12  testimony of witnesses including Julie Ervine regarding Petitioner's mental state and

13  decompensation; failure to develop and present multi-generational family history; failure to

14  develop and present Petitioner's psychosocial history, including military service, mental state-

15  PTSD, academic record, medical state, exposure to neurotoxins, brain damage, brain

16  dysfunction, and Petitioner's suicide watch after the crime; failure to develop and present expert

17  mental state opinion such as 1SHCP expert Dr. Young regarding mental impairments, including

18  chronic PTSD, mood dysregulation and anxiety disorder, and substance abuse and dependence

19  disorders.  (Doc. 16-46 [1SHCP] at 34-35, 86-96; Doc. 16-98 [PIR] at 116-19.)

20       The Court finds the foregoing 1SHCP presentation was corroborated and supported by the

21  2SHCP proffer including expert opinions of Drs. Marder and Neyland, that Petitioner, at the

22  time of the capital crime, was suffering from delusional disorder, PTSD, mild traumatic brain

23  injuries (hereinafter "m-TBI's), delusional and paranoid beliefs and dissociative Vietnam

24  flashbacks, and other "red flag" mental state evidence.  (*See* Doc. 69-4 [2SHCP] at 6-24, 41-

25  45.)  The Court finds any specific language in the Grounds challenged by Respondent as

26  unexhausted, merely supplements the Grounds with additional argument and evidence that does

27  not fundamentally alter the underlying Claims as presented in state court or substantially

28  improve its evidentiary posture.  Grounds 1(F)(1-4) are exhausted.

1         *g.*     *Ground 1(G): IAC by Failure to Exclude Julie Ervine's Statements*

2       Respondent argues that Ground 1(G) alleging ineffective assistance by counsel by failure

3 to object to Julie Ervine's out-of-court statements, including on grounds of relevance; due

4 process; Confrontation Clause; prejudice; state law evidentiary and instructional error; and on

5 Eighth Amendment grounds, is unexhausted to the extent not raised in state court. (Doc. 72 at

6 24-25.) Petitioner responds that Ground 1(G) was fairly presented on direct appeal and in the

7 1SHCP. (Doc. 86 at 71.)

8       The Court finds that Petitioner did fairly present the challenged Ground raising a Fifth,

9 Sixth, Eighth, and Fourteenth Amendment violation based upon operative facts, including

10 counsel's failure to object, on all available constitutional grounds as to admission of Julie

11 Ervine's statements to the dispatcher and Deputies, as to which the Deputies testified at trial;

12 and counsel's failure to challenge the prosecution's evidence of Julie Ervine's out-of-court

13 statements without calling her as a witness, including on Confrontation Clause and state law

14 evidentiary grounds. (Doc. 16-36 [AOB] at 88-105; Doc. 16-38 [ARB] at 40-52; Doc. 16-46

15 [1SHCP] at 105-06; Doc. 16-98 [PIR] at 123-24-); *see also Ervine*, 47 Cal. 4th at 774-77.

16 Ground 1(G) is exhausted.

17         *h.*     *Ground 1(H): IAC by Failure to Object to Guilt Phase Prosecutorial*

18               *Misconduct*

19       Respondent argues Ground 1(H) is unexhausted to the extent the allegation that trial

20 counsel failed to object to the prosecution's improper questions and arguments was not raised in

21 the 2SHCP. (Doc. 72 at 25.) Petitioner argues that Ground 1(H) was fairly presented in the

22 1SHCP. (Doc. 86 at 73.)

23       The Court finds that Petitioner did fairly present this Ground to the CSC by raising a

24 Fifth, Sixth, Eighth, and Fourteenth Amendment claim based upon operative facts including

25 counsel's failure to raise appropriate objections to the prosecutor's improper questions and

26 arguments during the guilt phase, including as to the testimony of Sergeant Bruce Stelzer and

27 Petitioner; and prosecution opening and closing argument that vouched for credibility of

28 prosecution witnesses, allied the jury with law enforcement, and disparaged the defense. (Doc.

1    16-46 [1SHCP] at 98-104; Doc. 16-98 [PIR] at 120-23.) Ground 1(H) is exhausted.

2            i.    *Ground 1(I): IAC at Guilt Phase Closing Argument*

3            Respondent argues that Ground 1(I) alleging ineffective assistance of counsel at guilt

4    phase closing argument, including failure to argue deficiencies in the lying-in-wait special

5    circumstance, is unexhausted to the extent it was not raised in state court. (Doc. 72 at 25-26.)

6    Particularly, Respondent argues Ground 1(I) is unexhausted to the extent it was not raised in the

7    2SHCP. (*Id.*) Petitioner responds that Ground 1(I) was fairly raised in the 1SHCP, and that any

8    challenged added language does not fundamentally alter the Claim. (Doc. 86 at 74.)

9            The Court finds that Petitioner did fairly present this Ground to the CSC by raising a

10    Fifth, Sixth, Eighth, and Fourteenth Amendment claim based upon operative facts including as

11    to the defense theory of friendly fire by Deputy Aldridge, the illegality of the arrest, and the

12    inapplicability of the lying-in-wait and law enforcement special circumstances. (Doc. 16-46

13    [1SHCP] at 97-98; Doc. 16-98 [PIR] at 119-20.; Doc. 69-4 [2SHCP] at 21-24.) The Court

14    further finds any specific language in the Ground challenged by Respondent merely

15    supplements the Ground with additional argument and evidence that does not fundamentally

16    alter the underlying Claim as presented in state court, or substantially improve its evidentiary

17    posture. Ground 1(I) is exhausted.

18            j.    *Ground 1(O): IAC by Cumulative Error*

19            Respondent argues the Ground 1(O) is unexhausted to the extent not presented in the

20    2SHCP. (Doc. 72 at 27.) Petitioner responds that the challenged language was included in and

21    exhausted through the 2SHCP by incorporation of aggregating discrete Claims. (Doc. 86 at 75;

22    Doc. 16-46 at 108.)

23            Under the cumulative error doctrine, the combined effect of multiple trial errors may give

24    rise to a due process violation if it renders a trial fundamentally unfair, even if each error

25    considered individually would not warrant relief. *See Parle v. Runnels*, 505 F.3d 922, 928 (9th

26    Cir. 2007) (characterizing this principle as clearly established by the Supreme Court). The

27    Ninth Circuit applied this principle in the context of *Strickland* and held that prejudice may

28    result from the cumulative effect of multiple deficiencies by counsel. *See Harris v. Wood*, 64

1    F.3d 1432, 1438 (9th Cir. 1995).

2        The Court observes that in Ground 1(O), which is captioned "Conclusion[,]" Petitioner

3    argues the individual and cumulative influence and effect of counsel's deficient performance at

4    the guilt and penalty phases to be prejudicial under *Brecht v. Abrahamson,* 507 U.S. 619

5    (1993), and also under *Strickland*.  (Doc. 22 at 166.)

6        The Court finds that Petitioner did fairly present this Ground to the CSC by raising a

7    Fifth, Sixth, Eighth, and Fourteenth Amendment claim based upon operative facts of

8    cumulative error of IAC raised in the 1SHCP, incorporated into and/or intertwined with the

9    supplemented 1SHCP Claim of IAC raised in the 2SHCP, in the Appeal and Request for COA

10   in the Court of Appeal, and in the PFR in the CSC.  (*See* Doc. 16-46 [1SHCP] at 38-39 and n.1,

11   108, 130-31, 363; Doc. 16-98 [PIR] at 188-91); Doc. 69-4 [2SHCP] at 24, 29; Doc. 69-21

12   [Appeal]; 69-29 [PFR]); *see also Wooten v. Kirkland*, 540 F.3d 1019, 1025 (9th Cir. 2008) (a

13   claim not named in the petition is exhausted if "sufficiently related" or "intertwined" when, by

14   raising one claim, the petition clearly implies another error).  Ground 1(O) is exhausted.

15           *k..    Ground 10(F): Penalty Phase IAC – Failure to Present Evidence of*

16                    *Petitioner's Military Service*

17       Respondent argues that Ground 10(F) alleging IAC by counsel's "fail[ure] to investigate,

18   develop, prepare, and present evidence of [Petitioner's] highly commendable military service

19   record[,]" is unexhausted to the extent it asserts, based upon new exhibits not previously

20   presented in state court, that a "life sentence was likely in this case[;]" and asserts that co-

21   counsel "who was responsible for the penalty phase fundamentally misunderstood his role and

22   the scope of mitigation that [Petitioner] had a constitutional right to present."  (Doc. 72 at 41.)

23   Respondent also argues Ground 10(F) is unexhausted to the extent it was not included in the

24   2SHCP.  (*Id.*)  Petitioner responds that Ground 10(F) was fairly presented in the 1SHCP, and

25   any newly added allegations do not fundamentally alter the Claim as presented in state court.

26   (Doc. 86 at 99-102.)

27       The Court finds that  Petitioner did fairly present this Ground to the CSC by raising a

28   Sixth, Eighth, and Fourteenth Amendment, and International Law claim based upon operative

1   facts including failure to investigate, develop, and present evidence including mitigating

2   evidence of Petitioner's highly commendable military service record while serving in Vietnam

3   and throughout his voluntary term of enlistment with the U.S. Army; the extraordinarily

4   difficult circumstances under which he excelled as a soldier; the accompanying traumatic

5   events he experienced while serving, and the consequences for him, including his mental health;

6   and related available witnesses.  (Doc. 16-46 [1SHCP] at 144-214; Doc. 16-98 [PIR] at 147-

7   72.)  The Court further finds the specific language in the Ground challenged by Respondent

8   merely supplements the Ground with additional consistent argument that does not

9   fundamentally alter or improve the evidentiary posture of the Claim as presented in state court.

10  Ground 10(F) is exhausted.

11              *l.*     *Ground 10(G): Penalty Phase IAC – Failure to Present Evidence of*

12                      *Government's Lack of Veteran Support*

13          Respondent argues that Ground 10(G), alleging IAC by counsel's failure to  investigate,

14  develop, and present evidence of the U.S. Government's failure to provide necessary treatment

15  and support to Vietnam veterans like Petitioner during and after their service, leaving their

16  symptoms and problems untreated, is unexhausted to the extent it incorporates unexhausted

17  Grounds and the 2SHCP declarations by mental health experts Drs. Marder and Neylan.  (Doc.

18  72 at 42.)  Petitioner responds that Ground 10(G) was fairly presented in the 1SHCP and is fully

19  exhausted, and that in any event the declarations from Drs. Mader and Nylan do not

20  fundamentally alter the Claim as presented in state court.  (Doc. 86 at 102-04.)

21          The Court finds that Petitioner did fairly present this Ground to the CSC by raising a

22  Sixth, Eighth, and Fourteenth Amendment claim based upon operative facts, including trial

23  counsel's failure to investigate, develop, and present evidence of a pattern of institutional

24  failures on the part of U.S. Government in neglecting to provide necessary treatment and

25  support to Vietnam like Petitioner during their service in the Army while in Vietnam

26  and after returning home, leaving untreated symptoms and problems, including PTSD,

27  emotional problems, and alcohol and drug dependency.  (Doc. 16-46 [1SHCP] at 214-27.)  The

28  Court further finds the 1SHCP presentation, including the 1SHCP opinions of

1    neuropsychologist Dr. Young (*see* Doc. 16-46 at 227-249) was corroborated and supported by

2    the 2SHCP proffer, including expert opinions of Drs. Marder and Neyland, that Petitioner at the

3    time of the capital crime was suffering from delusional disorder, PTSD, m-TBI's, delusional

4    and paranoid beliefs and dissociative Vietnam flashbacks, and other "red flag" mental state

5    evidence. (*See* Doc. 69-4 [2SHCP] at 6-24, 41-45.) Ground 10(G) is exhausted.

6              m.    *Ground 10(H): Penalty Phase IAC – Failure to Obtain Neuropsychological*

7                    *Evaluation*

8         Respondent argues that Ground 10(H), alleging IAC by counsel's failure to have

9    Petitioner neuropsychologically evaluated for life-long risk factors of organic brain damage and

10   related behavior, is unexhausted to the extent it relies upon the habeas declarations by mental

11   health experts Drs. Marder and Neylan which he suggest are not in the state record (Doc. 72 at

12   42-43), and to the extent Ground 10(H) was not raised in the PFR in the CSC (*id.*). Petitioner

13   argues that Ground 10(H) was fairly presented in the 1SHCP and 2SHCP. (Doc. 86 at 109.)

14        The Court finds that Petitioner did fairly present this Ground to the CSC by raising a

15   Sixth, Eighth, and Fourteenth Amendment claim based upon operative facts including trial

16   counsel's failure to have Petitioner neuropsychologically evaluated in order to determine

17   whether lifelong risk factors caused organic brain damage and the nature and extent of any such

18   damage on behavior at the time of the crime, including consideration of "red flag" indicators for

19   brain damage and dysfunction, neurocognitive impairment, and attention problems and mental

20   vulnerabilities. (Doc. 16-46 [1SHCP] at 227-49; Doc. 69-4 [2SHCP] at 41-45.) As above, the

21   Court further finds the 1SHCP and 2SHCP presentation was corroborated and supported by the

22   noted expert opinions of Drs. Marder and Neyland. (*See* Doc. 16-46 at 227-249; Doc. 69-4

23   [2SHCP] at 6-24, 41-45.) Ground 10(H) is exhausted.

24             n.    *Ground 10(I): Penalty Phase IAC – Stipulated Admission of Aggravating*

25                   *Evidence*

26        Respondent argues that Ground 10(I), alleging IAC by counsel's stipulation to admission

27   of aggravating evidence in People's Exhibit 86 (regarding Petitioner's military discipline, letter

28   of reprimand, and discharge following his re-enlistment), is unexhausted to the extent not

1  included in the 2SHCP.  (Doc. 72 at 43.)  Petitioner responds that Ground 10(I) was fairly

2  presented in the 1SHCP, and that in any event the incorporated language does not

3  fundamentally alter the Claim as presented in state court.  (Doc. 86 at 110.)

4       The Court finds that Petitioner did fairly present this Ground to the CSC by raising a

5  Sixth, Eighth, and Fourteenth Amendment claim based upon operative facts including trial

6  counsel's unneeded and unhelpful stipulation to the admission of aggravating evidence of

7  military misconduct during Petitioner's re-enlistment period that was used by the prosecution in

8  an unexplained and unmitigated manner.  (Doc. 16-46 [1SHCP] at  249-55.)  Ground 10(I) is

9  exhausted.

10          o.     *Ground 10(J): Penalty Phase IAC – Failure to Mitigate Misconduct in the*

11                 *Military*

12       Respondent argues that Ground 10(J), alleging IAC by counsel's failure to investigate,

13  develop and present documentary evidence and live witness testimony mitigating the

14  information in People's Exhibit 86 (re-enlistment military misconduct), is unexhausted to the

15  extent not included in the 2SHCP.  (Doc. 72 at 43.)  Petitioner responds that Ground 10(J) was

16  fairly presented in the 1SHCP, and that any incorporated language does not fundamentally alter

17  the Claim as presented in state court. (Doc. 86 at 110-11.)

18       The Court finds that Petitioner did fairly present this Ground to the CSC by  raising a

19  Sixth, Eighth, and Fourteenth Amendment claim based upon operative facts, including trial

20  counsel's failure to investigate, develop, and present documentary and live witness testimony

21  from, *inter alia,* Lt. Col. Eugene Pedrick, Stephen Foote, and Col. Alexander Woods, Jr., all of

22  whom counsel knew of, that would have explained, provided background for, and mitigated the

23  information in People's Exhibit 86, including with evidence that Petitioner was an outstanding

24  soldier but dependent upon alcohol and suffering the psychological effects of his service in

25  Vietnam.  (Doc. 16-46 [1SHCP] at 255-64.)  Ground 10(J) is exhausted.

26          p.     *Ground 10(K): Penalty Phase IAC – Failure to Present Evidence of PTSD*

27                 *and other Mental Impairments*

28       Respondent argues that Ground 10(K), alleging trial counsel's IAC by failing to

1    investigate, develop, and present evidence of Petitioner's PTSD, psychotic disorder, and

2    neurocognitive incapacity, is unexhausted to the extent: (i) it relies upon the habeas declarations

3    by mental health experts Drs. Mader and Nylan which he again suggests were not presented in

4    state court, (ii) it asserts that counsel prejudicially failed to provide the penalty-phase jury with

5    "an accurate and complete account" of Petitioner's mental state that would have included his

6    supposed PTSD, psychotic disorder, and  neurocognitive incapacity, and (iii) it was not raised

7    in the PFR in the CSC.  (Doc. 72 at 43-44.)  Petitioner responds that Ground 10(K) was fairly

8    presented in the 1SHCP, and the expert declarations of Drs. Marder and Neylan were fairly

9    presented in the 2SHCP and in any event merely supplement and do not fundamentally the

10   1SHCP presentation, including the opinion of Dr. Young.  (Doc. 86 at 111-15.)  Petitioner

11   further responds that the challenged language in Ground 10(K) does not fundamentally alter or

12   substantially improve the evidentiary posture of the Claim as presented in state court.  (Doc. 86

13   at 116.)

14        The Court finds that Petitioner did fairly present this Ground to the CSC by raising a

15   Sixth, Eighth, and Fourteenth Amendment claim based upon operative facts including trial

16   counsel's failure to investigate, develop, and present evidence of Petitioner's mental

17   vulnerabilities caused by his combat exposure, including, *inter alia,* symptoms consistent with

18   PTSD, which exacerbated his existing organic brain damage and resultant impaired functioning,

19   flashbacks, sleep disturbance, alcohol and marijuana dependency, paranoia and delusionally

20   disordered thinking; and failure to provide complete and accurate information regarding such

21   circumstances and conditions to appropriate experts.  (Doc. 16-46 [1SHCP] at 264-75.)  As

22   above, the Court finds the 1SHCP and 2SHCP presentation was corroborated and supported by

23   the noted expert opinions of Drs. Marder and Neyland.  (*See* Doc. 16-46 at 227-249; Doc. 69-4

24   [2SHCP] at 6-24, 41-45.)  The Court finds the specific language in the Ground challenged by

25   Respondent merely supplements the Ground with additional argument and evidence that does

26   not fundamentally alter the Claim as presented in state court, or substantially improve its

27   evidentiary posture.  Ground 10(K) is exhausted.

28   ////

1
    *q.  Ground 10(L): Penalty Phase IAC – Failure to Present Evidence of Mental*
2
       *Decompensation*

3
   Respondent argues that Ground 10(L), alleging trial counsel's IAC by failing to

4
investigate, develop and present evidence of Petitioner's mental and emotional decompensation

5
in the years leading up to the capital crime, is unexhausted to the extent it relies upon the habeas

6
declarations by mental health experts Drs. Mader and Nylan, which he contends are not in the

7
state record.  (Doc. 72 at 44-45.)  Respondent also argues Ground 10L is unexhausted to the

8
extent it was not raised in the 2SHCP.  (*Id*.)  Petitioner responds that Ground 10(L) was fairly

9
presented in the 1SHCP, the expert opinions of Drs. Mader and Nylan were fairly presented in

10
the 2SHCP, and in any event their expert opinions merely supplement and do not fundamentally

11
alter the Claim as presented in state court.  (Doc. 86 at 116-18.)

12
   The Court finds that Petitioner did fairly present this Ground to the CSC by raising a

13
Sixth, Eighth, and Fourteenth Amendment claim based upon operative facts including that trial

14
counsel was prejudicially deficient by failing to investigate, develop, and present evidence of

15
Petitioner's pronounced, debilitating, mental and emotional decompensation in the years

16
leading up to the shooting incident that coincided with the lengthy illness and death of his

17
father, as well as the Gulf War and its aftermath, with increased symptoms of paranoia,

18
delusional thoughts and depression.  (Doc. 16-46 [1SHCP] at 275-94.)  As above, the Court

19
further finds the 1SHCP and 2SHCP presentation was corroborated and supported by the noted

20
expert opinions of Drs. Marder and Neyland.  (*See* Doc. 16-46 [1SHCP] at 227-249; Doc. 69-4

21
[2SHCP] at 6-24, 41-45.)  Ground 10(L) is exhausted.

22
    *r.  Ground 10(M): Penalty Phase IAC – Failure to Present Family History*

23
   Respondent argues that Ground 10(M), alleging trial counsel's IAC by failing to

24
investigate, develop, and present evidence of Petitioner's family history and familial

25
psychosocial history and genetic predisposition to mental, psychological, neuropsychological,

26
emotional, cognitive, social, and adaptive functioning deficits, is unexhausted to the extent it

27
was not raised in the 2SHCP.  (Doc. 72 at 45.)  Petitioner responds that Ground 10(M) was

28
fairly presented in the 1SHCP.  (Doc. 86 at 118-19.)

1       The Court finds that Petitioner did fairly present this Ground to the CSC by raising a

2   Sixth, Eighth, and Fourteenth Amendment claim based upon operative facts including trial

3   counsel's prejudicial failure to investigate, develop, and present evidence of his familial history

4   including familial psychosocial history and genetic predisposition to mental, psychological,

5   neuropsychological, emotional, cognitive, social, and adaptive functioning deficits, particularly

6   in the face of stress, hyper-arousal, or agitation.  (Doc. 16-46 [1SHCP] at 295-305.)  Ground

7   10(M) is exhausted.

8               s.      *Ground 10(N): Penalty Phase IAC – Failure to Present Petitioner's*

9                       *Psychosocial History*

10      Respondent argues that Ground 10(N), alleging trial counsel's IAC by failing to

11  investigate, develop, and present evidence of his background and psychosocial history,

12  including medical, mental health, and academic information, is unexhausted to the extent it

13  relies upon the habeas declarations by mental health experts Drs. Mader and Nylan which, he

14  contends, are not in the state record.  (Doc. 72 at 45.)  Respondent also argues that Ground

15  10(N) is unexhausted to the extent it was not raised in the PFR in the CSC.  (*Id*.)  Petitioner

16  responds that Ground 10N was raised in the 1SHCP, and in the 2SHCP as supported by the

17  opinions of Drs. Mader and Nylan.  (Doc. 86 at 119-20.)  Petitioner further responds that the

18  opinions of Drs. Mader and Nylan, and incorporation of allegations and exhibits set forth

19  elsewhere in Ground 10 and Ground 1(F)(1) do not fundamentally alter the Claim as presented

20  in state court.  (Doc. 86 at 120.)

21      The Court finds that Petitioner did fairly present this Ground to the CSC by raising a

22  Sixth, Eighth, and Fourteenth Amendment claim based upon operative facts including trial

23  counsel's failure to investigate, develop, and present evidence of Petitioner's background and

24  psychosocial history, including medical, mental health, and academic information, and

25  associated symptoms of mental, psychological, neuropsychological, emotional, cognitive,

26  social, and adaptive functioning deficits, all consistent with his familial history, and related

27  impairments caused by his organic brain damage.  (Doc. 16-46 [1SHCP] at 305-14; Doc. 69-4

28  [2SHCP] at 41-45.)  As above, the Court further finds the 1SHCP and 2SHCP presentation was

1  corroborated and supported by the noted expert opinions of Drs. Marder and Neyland.  (*See*

2  Doc. 16-46 at 227-249; Doc. 69-4 [2SHCP] at 6-24, 41-45.)  Ground 10(N) is exhausted.

3               *t.*      *Ground 10(O): Penalty Phase IAC – Failure to Present Lack of Future*

4                        *Dangerousness in Prison*

5       Respondent argues that Ground 10(O) alleging trial counsel's ineffective assistance by

6  failure to investigate, develop, and present evidence of Petitioner's likely adjustment to prison

7  and expert opinion thereon, is unexhausted to the extent it was not presented in the 2SHCP.

8  (Doc. 72 at 46.)  Petitioner responds that Ground 10(O) was fairly presented in the 1SHCP.

9  (Doc. 86 at 120.)

10      The Court finds that Petitioner did fairly present this Ground to the CSC by raising a

11  Sixth, Eighth, and Fourteenth Amendment claim based upon operative facts including that trial

12  counsel failed reasonably to investigate, develop, and present evidence of Petitioner's likely

13  adjustment to prison, and to provide such information to the defense retained prison adjustment

14  expert, Edward George; and failed reasonably to proffer George as an institutional adjustment

15  expert, such that the trial court barred George from testifying to the likelihood that Petitioner

16  would productively serve a Life Without the Possibility of Parole (hereinafter "LWOP")

17  sentence.  (Doc. 16-46 [1SHCP] at 314-15.)  Ground 10(O) is exhausted.

18              *u.*      *Ground 10(X): Penalty Phase IAC – Failure to Present Evidence of*

19                        *Character and Background*

20      Respondent argues that Ground 10(X), alleging trial counsel's ineffective assistance by

21  failing reasonably to present the full scope of Petitioner's mitigating psychosocial history,

22  character and background, is unexhausted to the extent: (1) it newly alleges that a death verdict

23  "was not a foregone conclusion in light of other cop killers throughout the United States who

24  received less than death when a death sentence was available[,]" supported by 2SHCP Exhibits

25  262 and 290 (Docs. 22-16 and 31, respectively [habeas declarations from jurors #59 and #55]),

26  (2) it newly alleges that "[if] mitigation evidence presented here been presented to the jury,

27  there is far more than a reasonable probability that jurors would have sentenced Mr. Ervine to

28  [LWOP][,]" (3) it impliedly incorporates all new and unexhausted allegations of mitigation

1   evidence throughout the petition, and (4) it was not presented in the 2SHCP.  (Doc. 72 at 47-

2   48.)  Petitioner responds that Ground 10(X) was fairly presented in the 1SHCP and that the

3   specifically identified juror declarations do not fundamentally alter the Claim as presented in

4   state court.  (Doc. 86 at 121-24.)

5        The Court finds that Petitioner did fairly present this Ground to the CSC by raising a

6   Sixth, Eighth, and Fourteenth Amendment claim based upon operative facts including trial

7   counsel's failure reasonably to investigate, develop, and present a comprehensive picture of

8   Petitioner's psychosocial history, such that the jury was not permitted to learn and consider the

9   full scope of mitigating information, particularly as to life history and military service,

10  neurological and social functioning, and the complex interaction of this evidence.  (Doc. 16-46

11  [1SHCP] at 323-34.)  The Court finds the noted evidentiary proffer challenged by Respondent

12  as unexhausted serves to supplement the Ground without fundamentally altering the Claim as

13  presented in state court, or substantially improving its evidentiary posture.  Furthermore, the

14  incorporated Grounds are exhausted to the extent discussed above and below.  (*See* section

15  IV.A, ante.)  Ground 10(X) is exhausted.

16       **2.       Prosecutorial Misconduct – Grounds 2, 7, 12**

17            *a.       Ground 2: Government Intrusion into the Defense Camp*

18       Respondent argues that Ground 2, alleging prosecutorial misconduct raised by the state's

19  intrusion into and use of confidential defense strategy documents, is unexhausted to the extent

20  of newly added allegations that: (1) the prosecution was motivated by a lack of pretrial

21  discovery; and (2) the trial court failed to enter a protective order to bar communication

22  between the jail guards and the prosecution, including details gleaned from such prosecutorial

23  misconduct.  (Doc. 72 at 28.)  Respondent argues that Ground 2 is unexhausted to the extent it

24  was not raised in the PFR in the CSC.  (Doc. 72 at 28-29.)  Respondent argues that sealed

25  2SHCP Exhibits 294 (i.e., Petitioner's annotations to his DOJ interview) and 295 (Petitioner's

26  annotations to Deputy Mahan's DOJ interview), proffered in support of the Ground,

27  fundamentally alter the Claim as presented in state court.  (*Id.*)  Petitioner responds that Ground

28  2 was fairly raised on direct appeal, in the 1SHCP, and in the 2SHCP, and that sealed Exhibits

1   294 and 295 were presented with the 2SHCP.  (Doc. 86 at 76-77.)

2          The Court finds that Petitioner did fairly present this Ground to the CSC by raising a

3   Fourth, Sixth, and Fourteenth Amendment claim based upon operative facts including Deputies'

4   intercepting, reading, and seizing Petitioner's privileged and confidential defense documents,

5   annotated notes, and other information; Deputies' related interview of jail inmate Bill Percy,

6   and their monitoring of jail visits, mail, phone calls, and medical report(s); Deputies' obtaining

7   jail visit logs and Petitioner's military records without his authorization or a subpoena, for use

8   against Petitioner; and cumulative prejudice therefrom including chilling Petitioner's attorney-

9   client relationship.  (Doc. 69-4 [2SHCP] at 39-41; *see also* Doc. 16-36 [AOB] at 61-79; Doc.

10  16-38 [ARB] at 21-34; Doc. 16-46 [1SHCP] at 125-28; Doc. 16-98 [PIR] at 143-47.)  Also,

11  Exhibits 294 and 295 were presented in state court with the 2SHCP.  In any event, these

12  exhibits support and corroborate, and do not fundamentally alter or substantially improve the

13  Claim as presented in state court, or its evidentiary posture.  Ground 2 is exhausted.

14          b.      *Ground 7(A)(1): Suppression of Material Favorable Evidence by the*

15                  *Prosecution*

16          Respondent argues that Ground 7(A)(1), alleging prosecution suppression of favorable,

17  material evidence of a shooting reconstruction conducted by law enforcement, is unexhausted to

18  the extent it adds new allegations that the prosecutor "knowingly misled the court in violation

19  of California Business and Professions Code §§ 6068(a)-(d)."  (Doc. 72 at 31.)  Respondent

20  also argues Ground 7(A)(1) was not presented in the 2SHCP.  (*Id*.)  Petitioner responds that

21  Ground 7(A)(1) was fairly presented in the 1SHCP, and that the alleged added language

22  including reference to a state law violation does not fundamentally alter the Claim as presented

23  in state court.  (Doc. 86 at 83.)

24          The Court finds that Petitioner did fairly present this Ground to the CSC by raising a

25  Fifth, Sixth, Eighth, and Fourteenth Amendment claim based upon operative facts including as

26  to a reconstruction of the events of March 2, 1995, which the prosecution conducted at the

27  Ravendale crime scene on October 31, 1995, including photos, diagrams, and surveys.  (Doc.

28  16-46 at 111-21.)  The Court further finds the specific language in the Ground challenged by

1 Respondent as unexhausted (i.e., a state statute regarding duties of an attorney), merely

2 supplements the Ground with additional argument and evidence that does not fundamentally

3 alter the underlying Claim as presented in state court, or substantially improve its evidentiary

4 posture.  Ground 7(A)(1) is exhausted.

5              *c.    Ground 7(A)(3)(h): Suppression of Witness Statements*

6        Respondent argues that Ground 7(A)(3)(h), alleging the suppression of pre-trial witness

7 statements and notes of Julie Ervine including an analysis attempting to show that the

8 supposedly withheld materials were "material," is unexhausted to the extent not presented in the

9 PFR in the CSC.  (Doc. 72 at 32.)  Petitioner responds that Ground 7(A)(3)(h) was fairly

10 presented in the 1SHCP and 2SHCP.  (Doc. 86 at 83.)

11        The Court finds that Petitioner did fairly present this Ground to the CSC by raising a

12 Fifth, Sixth, Eighth, and Fourteenth Amendment claim based upon operative facts including the

13 prosecution's failure to disclose Julie Ervine's statements regarding defense witnesses, and her

14 review and annotations of Petitioner's guilt phase testimony.  (Doc. 16-46 [1SHCP] at 109,

15 121-22; Doc. 69-4 [2SHCP] at 24-25; *see also* Doc. 16-98 [PIR] at 51-125.)  The Court further

16 finds the specific language in the Ground challenged by Respondent as unexhausted, merely

17 supplements the Ground with additional argument and evidence that does not fundamentally

18 alter the Claim as presented in state court, or substantially improve its evidentiary posture.

19 Ground 7(A)(3)(h) is exhausted.

20              *d.    Ground 7(A)(3)(i): Suppression of Witness Statements*

21        Respondent argues that Ground 7(A)(3)(i), alleging the suppression of a handwritten

22 notation by an unidentified author, who had met with Deputy Aldridge, which indicated that it

23 was "possible" Deputy Griffith fired the first shot, is unexhausted to the extent it newly alleges

24 that that the "prosecution did not disclose the note, which impeached its own presentation[,]" as

25 supported by Exhibit 264 (i.e. the Supplemental Declaration of trial counsel Buckwalter).  (Doc.

26 72 at 32.)  Respondent also argues Ground 7(A)(3)(i) was not presented in the 2SHCP.  (*Id.*)

27 Petitioner responds that Ground 7(A)(3)(i) was fairly presented in the 1SHCP and 2SHCP, and

28 that the challenged language in any event merely supplements and does not fundamentally alter

the Claim as presented in state court.  (Doc. 86 at 84-85.)

The Court finds that Petitioner did fairly present this Ground to the CSC by raising a Fifth, Sixth, Eight, and Fourteenth Amendment claim based upon operative facts including as to suppression of a prosecution note of a conversation with Aldridge in which he wrote "possible [Griffith] shot first[,]" referring to Exhibits 168 and 264.  (Doc. 16-46 [1SHCP] at 109-23; Doc. 69-4 [2SHCP] at 29.)  The Court further finds the specific language in the Ground challenged by Respondent as unexhausted merely supplements the Ground with additional argument and evidence that does not fundamentally alter the Claim as presented in state court or substantially improve its evidentiary posture.  Ground 7(A)(3)(i) is exhausted.

<em>e.    Ground 7(A)(3)(j): Suppression of Witness Statements</em>

Respondent argues that Ground 7(A)(3)(j) alleging the suppression of notes relating to Deputy Griffith's widow Laurie Griffith, is unexhausted to the extent of newly added allegations that Laurie was "carrying on an affair while Deputy Griffith was still alive," which, in turn, caused "Deputy Griffith [to be] distraught, depressed, incautious, unhinged, and/or suicidal, and initiated or provok[ed] a gunfight with [Petitioner] who acted in self-defense[,]" were not presented in state court.  (Doc. 72 at 32.)  Respondent also argues this Ground was not presented in the PFR in the CSC.  (*Id*.)  Petitioner responds that Ground 7(A)(3)(j) was fairly presented in the 2SHCP and that presentation in the PFR was unnecessary.  (Doc. 86 at 85.)

The Court finds that Petitioner did fairly present this Ground to the CSC by raising a Fifth, Sixth, Eight, and Fourteenth Amendment claim based upon operative facts including the prosecution's suppression of notes documenting Laurie's extramarital relationship; that Deputy Griffith knew about it and was distraught; and as a result unlawfully initiated or provoked the shootout with Petitioner, who acted in self-defense.  (Doc. 69-4 [2SHCP] at 24-26; *see also id*. at 6-24, 41-45.)  The Court further finds the specific language in the Ground challenged by Respondent as unexhausted, merely supplements the Ground with additional argument and evidence that does not fundamentally alter the Claim as presented in state court, or substantially improve its evidentiary posture.  Ground 7(A)(3)(j) is exhausted.

////

41

1              f.      *Ground 7(A)(3)(k): Suppression of Post-Critical Incident Defusing and*

2                      *Debriefing Records*

3          Respondent argues that Ground 7(A)(3)(k) alleging the suppression of notes, reports, and

4   other documentation of post-critical incident defusing and debriefing, grief counselling, and/or

5   therapy available to witnesses Aldridge, Mahan, Freitas, Stelzer, Jarrell, other purportedly grief-

6   stricken and vulnerable local law enforcement, Laurie Griffith, and other family members in the

7   aftermath of the shooting, is unexhausted to the extent not presented in the PFR in the CSC.

8   (Doc. 72 at 34.)  Petitioner responds that Ground 7(A)(3)(k) was raised in the 1SHCP and the

9   2SHCP and need not be included in the PFR.  (Doc. 86 at 88.)

10         The Court finds that Petitioner did fairly present this Ground to the CSC by raising a

11  Fifth, Sixth, Eighth, and Fourteenth Amendment claim based upon operative facts including

12  post-incident defusing, debriefing, grief counseling available to Lassen County Sheriff's

13  Department ("LCSD") employees and families, and that Laurie and her family refused to

14  participate.  (Doc. 69-4 [2SHCP] at 24-27.)  Ground 7(A)(3)(k) is exhausted.

15             g.      *Ground 7(A)(5): Suppression of Information about Petitioner's Finances*

16         Respondent argues that Ground 7(A)(5), alleging the suppression of Petitioner's financial

17  information is unexhausted to the extent of a newly added allegation that the "prosecutor's

18  instructions to collect records and interview witnesses regarding a likely mental state defense

19  show the favorable nature of these documents was obvious[,]" was not raised in state court.

20  (Doc. 72 at 33.)  Respondent also argues the Ground was not raised in the 2SHCP.  (*Id.*)

21  Petitioner responds that Ground 7(A)(5) was fairly presented in the 1SHCP, and that in any

22  event the added language supplements and does not fundamentally alter the Claim presented in

23  state court.  (Doc. 86 at 85-86.)

24         The Court finds that Petitioner did fairly present Ground 7(A)(5) to the CSC by raising a

25  Fifth, Sixth, Eighth, and Fourteenth Amendment claim based upon operative facts including the

26  prosecution's failure to disclose financial information concerning Petitioner that it noted should

27  be collected.  (Doc. 16-46 [1SHCP] at 109, 123; *see also* Doc. 69-4 [2SHCP] at 24-25.)  The

28  Court further finds the specific language in the Ground challenged by Respondent as

                                                     42

1    unexhausted merely supplements the Ground with additional argument and evidence that does

2    not fundamentally alter the Claim as presented in state court or substantially improve its

3    evidentiary posture.  Ground 7(A)(5) is exhausted**.**

4              h.      *Ground 7(A)(6): Suppression of the Armory Log*

5          Respondent argues that Ground 7(A)(6) alleging suppression of the sign-out sheet from

6    the LCSD's armory is unexhausted to the extent of a newly added allegation that "[o]ther notes

7    by prosecutor Williamson show he was aware that the missing M16 carried by Deputy Aldridge

8    was an issue and that documentation of mishandling would be favorable to the defense[,]" was

9    not raised in state court.  (Doc. 72 at 33.)  Respondent also argues that Ground 7A6 was not

10   raised in the 2SHCP.  (*Id*.)  Petitioner responds that Ground 7(A)(6) was fairly raised in the

11   1SHCP, and that in any event the added language supplements and does not fundamentally alter

12   the Claim presented in state court.  (Doc. 86 at 86-87.)

13         The Court finds that Petitioner did fairly present Ground 7(A)(6) to the CSC by raising a

14   Fifth, Sixth, Eighth, and Fourteenth Amendment claim based upon operative facts including the

15   prosecution's failure to disclose the LCSD's armory sign-out sheet/log including as to Deputy

16   Aldridge's M16 and magazine.  (Doc. 16-46 [1SHCP] at 122-23; *see also id*. at 67, 113, Doc.

17   16-98 [PIR] at 139-41.)  The Court further finds the specific language in the Ground challenged

18   by Respondent as unexhausted merely supplements the Ground with additional argument and

19   evidence that does not fundamentally alter the Claim as presented in state court or substantially

20   improve its evidentiary posture.  Ground 7(A)(6) is exhausted.

21             i.      *Ground 7(A)(8): Suppression of Test-Fires and Comparisons*

22         Respondent argues that Ground 7(A)(8), alleging suppression of notes and photos for "test

23   fires numbered 5, 6, and 7," is unexhausted to the extent of a newly added allegation that "it is

24   reasonable to infer . . . that the suppression of this evidence was intentional due to the

25   information being favorable to the defense[,]" was not presented in state court.  (Doc. 72 at 33-

26   34.)  Respondent also argues the Ground was not raised in the 2SHCP.  (*Id*.)  Petitioner

27   responds that Ground 7(A)(8) was fairly presented in the 1SHCP, and that the added language

28   supplements and does not fundamentally alter the Claim presented in state court.  (Doc. 86 at

1    87-88.)

2        The Court finds that Petitioner did fairly present Ground 7(A)(8) to the CSC by raising a

3    Fifth, Sixth, Eighth, and Fourteenth Amendment claim based upon operative facts including the

4    prosecution's failure to disclose notes and reports of forensic examination and testing of

5    evidence including complete notes and photos of the test fires for the .30-.30 rifle seized from

6    Petitioner's house, and comparisons.  (Doc. 16-46 [1SHCP] at 123-25; *see also id*. at 52-108;

7    Doc. 16-98 [PIR] at 92-95.)  The Court further finds the specific language in the Ground

8    challenged by Respondent as unexhausted merely supplements the Ground with additional

9    argument and evidence that does not fundamentally alter the Claim as presented in state court or

10   substantially improve its evidentiary posture.  Ground 7(A)(8) is exhausted.

11            *j.    Ground 7(A)(13): Suppression of Gunshot Residue Testing*

12       Respondent argues that Ground 7(A)(13), alleging suppression of gunshot residue testing

13   performed on the Deputies involved in the March 2, 1995 shooting, is unexhausted to the extent

14   not presented in state court.  (Doc. 72 at 34.)  Respondent also argues the Ground was not raised

15   in either the 1SHCP or the 2SHCP.  (*Id*.)  Petitioner responds that Ground 7(A)(13) was fairly

16   presented in the 1SHCP, and that in any event the added language supplements and does not

17   fundamentally alter the Claim as presented in state court.  (Doc. 86 at 88-89.)

18       The Court concludes that Petitioner did fairly present this Ground to the CSC by raising a

19   Fifth, Sixth, Eighth, and Fourteenth Amendment claim based upon operative facts including the

20   prosecution's failure to disclose all notes, reports, and other documentation of its forensic

21   examination and testing of evidence and of the autopsy.  (Doc. 16-46 [1SHCP] at 123-24; *see*

22   *also id*. at 52-108; Doc. 16-98 [PIR] at 51-125.)  Ground 7(A)(13) is exhausted.

23            *k.    Ground 7(A)(14): Suppression of Law Enforcement Officers' Records*

24       Respondent argues that Ground 7(A)(14), alleging suppression of documents and records

25   for officers involved in, responding to, and investigating the shooting of Deputy Griffith, is

26   unexhausted to the extent not presented in the PFR in the CSC.  (Doc. 72 at 34.)  Petitioner

27   responds that Ground 7(A)(14) was fairly presented in the 2SHCP and need not be included in

28   the PFR to the CSC.  (Doc. 86 at 88.)

1   The Court finds that Petitioner did fairly present Ground 7(A)(14) to the CSC by raising a

2   Fifth, Sixth, Eighth, and Fourteenth Amendment claim based upon operative facts including the

3   prosecution's failure to disclose impeachment evidence from the training or personnel files of

4   officers and agencies involved.  (Doc. 69-4 [2SHCP] at 27.)  Ground 7(A)(14) is exhausted.

5               *l.*      *Ground 7(A)(15): Suppression of Local and State Departmental Policies*

6   Respondent argues that Ground 7(A)(15), alleging suppression of documents and records

7   relating to policies, procedures, and training of employees of the involved state and county

8   entities, is unexhausted to the extent not presented in the PFR in the CSC.  (Doc. 72 at 34.)

9   Petitioner responds that Ground 7(A)(15) was fairly presented in the 2SHCP, and need not be

10  included in the PFR.  (Doc. 86 at 88.)

11  The Court finds that Petitioner did fairly present Ground 7(A)(15) to the CSC by raising a

12  Fifth, Sixth, Eighth, and Fourteenth Amendment claim based upon operative facts including the

13  prosecution's failure to disclose impeachment evidence from the training or personnel files of

14  officers and agencies involved, upon which an expert in law enforcement procedures could

15  have opined, including as to the propriety and legality of the Deputies' actions on March 2,

16  1995.  (Doc. 69-4 [2SHCP] at 27; *see also id*. at 6-24, 41-46; Doc. 16-46 [1SHCP] at 52-108;

17  Doc. 16-98 [PIR] at 51-125.)  Ground 7(A)(15) is exhausted.

18              *m.*      *Ground 7(B)(1): False and Misleading Evidence regarding Bullet in Rear*

19                         *Passenger Door of Deputy Aldridge's Car*

20  Respondent argues Ground 7(B)(1), alleging presentation of false and misleading

21  testimony that the bullet found in the rear passenger door was the same bullet that fatally struck

22  Deputy Griffith, is unexhausted to the extent not raised in the 2SHCP.  (Doc. 72 at 34-35.)

23  Petitioner responds that Ground 7(B)(1) was fairly raised in the 1SHCP and the 2SHCP.  (Doc.

24  86 at 89-90.)

25  The Court finds that Petitioner did fairly present Ground 7(B)(1) to the CSC by raising a

26  Fifth, Sixth, Eighth, Fourteenth Amendment claim based upon operative facts that the

27  prosecution knowingly presented and failed to correct false and misleading evidence and

28  argument that the bullet found in the rear passenger door of the patrol vehicle of Deputies

1  Griffith and Aldridge (patrol unit 54) was the bullet that struck Deputy Griffith, with reference

2  to forensic and reconstructed evidence and Deputy Mahan's testimony.  (Doc. 16-46 [1SHCP]

3  at 109-13; Doc. 16-98 [PIR] at 125-30; Doc. 69-4 at 30-33.)  Ground 7(B)(1) is exhausted.

4          n.      *Ground 7(B)(3): False Testimony from Commander Freitas*

5          Respondent argues Ground 7(B)(3), alleging false testimony from Sheriff Commander

6  Frietas, that he fired his weapon while standing in the "V" of his patrol car door, is unexhausted

7  to the extent the not raised in the 2SHCP and the PFR in the CSC.  (Doc. 72 at 35.)  Petitioner

8  responds that Ground 7(B)(3) was fairly presented in the 1SHCP.  (Doc. 86 at 90.)

9          The Court finds that Petitioner did fairly present Ground 7(B)(3) to the CSC by raising a

10  Fifth, Sixth, Eighth, and Amendment claim based upon operative facts including that Freitas

11  was in the "V" of the door of his patrol car while he was firing his weapon at the house during

12  the incident, with reference to related testimony and physical evidence.  (Doc. 16-46 [1SHCP]

13  at 114-15; Doc. 16-98 [PIR] at 126-30.)  Ground 7(B)(3) is exhausted.

14          o.      *Ground 7(B)(6): False or Misleading Account of Decision to Arrest*

15                  *Petitioner*

16          Respondent argues Ground 7(B)(6), alleging presentation of false evidence that the

17  decision to approach and arrest Petitioner was reached by consensus, whereas the decision was

18  actually made solely by Sheriff Commander Freitas, is unexhausted to the extent not included in

19  the 2SHCP and the PFR in the California Supreme Court.  (Doc. 72 at 35-36.)  Petitioner

20  responds that Ground 7(B)(6) was fairly presented in the 2SHCP, and that in any event the

21  Ground was incorporated into the PFR to the CSC.  (Doc. 86 at 90-91.)

22          The Court finds that Petitioner did fairly present Ground 7(B)(6) to the CSC by raising a

23  Fifth, Sixth, Eight, and Fourteenth Amendment claim based upon operative facts including the

24  prosecution's allegedly false and misleading testimony that the decision to approach and arrest

25  Petitioner was a consensus decision amongst the Deputies, and relatedly the alleged

26  inapplicability of lying-in-wait and law enforcement special circumstances.  (Doc. 69-4

27  [2SHCP] at 33-35.)  Ground 7(B)(6) is exhausted.

28  ////

1

    *p. Ground 7(B)(7)(a): False Testimony from Sheriff Jarrell about Deputy*

2

     *Aldridge's departure from the Sheriff's Department*

3   Respondent argues that Ground 7(B)(7)(a), alleging false victim impact testimony from

4 Sheriff Jarrell regarding the reason Deputy Aldridge left law enforcement, is unexhausted to the

5 extent of a newly added allegation characterizing this testimony as "the most wrenching and

6 persuasive" so as to warrant "vacating the death sentence[,]" is unexhausted to the extent not

7 presented in state court.  (Doc. 72 at 36.)  Respondent also argues Ground 7(B)(7)(a) is

8 unexhausted to the extent not raised in the 2SHCP.  (*Id*.)  Petitioner responds that Ground

9 7(B)(7)(a) was fairly presented in the 1SHCP, and that any newly added language does not

10 fundamentally alter the Claim as asserted in state court.  (Doc. 86 at 91.)

11   The Court finds that Petitioner did fairly present Ground 7(B)(7)(a) to the CSC by raising

12 a Fifth, Sixth, Eighth, and Fourteenth Amendment claim based upon operative facts including

13 that the prosecution presented and failed to correct false and misleading testimony and

14 argument concerning the reason Deputy Wayne Aldridge left the Lassen County Sheriff's

15 Department after the shooting incident including that the shooting was a deciding factor.  (Doc.

16 16-46 [1SHCP] at 116-17.)  The Court further finds the specific language in the Ground

17 challenged by Respondent as unexhausted merely supplements the Ground with additional

18 argument and evidence that does not fundamentally alter the Claim as presented in state court or

19 substantially improve its evidentiary posture.  Ground 7(B)(7)(a) is exhausted.

20

    *q. Ground 7(B)(7)(b): False Testimony from Sheriff Jarrell regarding*

21

     *Remedial Measures taken after this Incident*

22   Respondent argues that Ground 7(B)(7)(b), alleging that Sheriff Jarrell falsely testified

23 that no policy or tactical response changes were made after the shooting of Deputy Griffith, is

24 unexhausted to the extent not included in the PFR in the CSC.  (Doc. 72 at 36.)  Petitioner

25 responds that Ground 7(B)(7)(b) was fairly presented in the 2SHCP, and further presentation in

26 the PFR was unnecessary.  (Doc. 86 at 92.)

27   The Court finds that Petitioner did fairly present this Ground to the CSC by raising a

28 Fifth, Sixth, Eighth, and Fourteenth Amendment claim based upon operative facts including

1    that Sheriff Jarrell gave false testimony that Lassen County did nothing to reevaluate its

2    response to domestic violence calls or to improve its tactics in the year following the shooting

3    of Griffith, thereby concealing known deficiencies in that agency including as to training and

4    procedures.  (Doc. 69-4 [2SHCP] at 35-36.)  Ground 7(B)(7)(b) is exhausted.

5              r.      Ground 7(E): Prosecution's Concealment of Counsel's Conflicts of Interest

6          Respondent argues that Ground 7(E) alleging prosecutorial misconduct by failing to

7    inform the court of counsel Buckwalter's known conflicts of interest, is unexhausted to the

8    extent not included in the 2SHCP.  (Doc. 72 at 37.)  Petitioner responds that Ground 7(E) was

9    fairly presented in the 1SHCP and is fully exhausted.  (Doc. 86 at 93.)

10         The Court finds that Petitioner did fairly present Ground 7(E) to the CSC by raising a

11   Fifth, Sixth, Eighth, and Fourteenth Amendment claim based upon operative facts including the

12   prosecution's failure to raise, and concealment of, trial counsel's conflicts including as raised

13   by his prior representation of Laurie Griffith and longstanding personal relationship with

14   Laurie's family and with Deputy Griffith.  (Doc. 16-46 [1SHCP]  at 46-51, 128.; Doc. 16-98

15   [PIR] at 42-51, 147; *see also* section IV.C.1A, ante.)  Ground 7(E) is exhausted.

16             s.      Ground 7(F): Prosecution Misconduct regarding Courtroom Security

17         Respondent argues that Ground 7(F) alleging prosecutorial misconduct by "orchestrating

18   prejudicial courtroom security" in the form of "numerous law enforcements officers" and "the

19   exhibition of lapel ribbons by trial attendees before the jury[,]" is unexhausted to the extent it

20   was not presented in the 2SHCP.  (Doc. 72 at 37.)  Petitioner responds that Ground 7(F) was

21   fairly presented in the 1SHCP and is fully exhausted.  (Doc. 86 at 93.)

22         The Court finds that Petitioner did fairly present Ground 7(F) to the CSC by raising a

23   Fifth, Sixth, Eighth, and Fourteenth Amendment claim based upon operative facts including

24   that numerous law enforcement officers were in the gallery of the courtroom, especially on the

25   date the jury was instructed and retired to deliberate the penalty, and that lapel ribbons were

26   exhibited by trial attendees, before the jury.  (Doc. 16-46 [1SHCP] at 40-45, 128; Doc. 16-98

27   [PIR] at 37, 40-42.)  Ground 7(F) is exhausted.

28   ////

1        *t.*        *Ground 7(G): Prosecution Misconduct regarding Improper Gender-Based*
2                *Peremptory Challenges*

3        Respondent argues that Ground 7(G) alleging prosecutorial misconduct by improperly

4 exercising peremptory challenges based on gender, is unexhausted to the extent it was not

5 included in the 2SHCP.  (Doc. 72 at 37-38.)  Petitioner responds that Ground 7(G) was fairly

6 raised in the 1SHCP and is fully exhausted.  (Doc. 86 at 93-94.)

7        The Court finds that Petitioner did fairly present this Ground to the CSC by raising a

8 Fifth, Sixth, Eighth, and Fourteenth Amendment claim based upon operative facts including as

9 to improper and prejudicial peremptory challenges against prospective jurors based on their

10 gender.  (Doc. 16-46 [1SHCP] at 129.  Ground 7(G) is exhausted.

11        *u.*        *Ground 7(H): IAC Regarding Prosecutorial Misconduct*

12        Respondent argues that Ground 7(H) alleging trial counsel were ineffective for failing to

13 object to "the state's misconduct that was known to them on any and all of the foregoing

14 grounds[,]" is unexhausted to the extent it was not presented in the 2SHCP.  (Doc. 72 at 38.)

15 Petitioner responds that Ground 7(H) was fairly presented in the 1SHCP and is fully exhausted.

16 (Doc. 86 at 94.)

17        The Court finds that Petitioner did fairly present Ground 7(G) to the CSC by raising a

18 Fifth, Sixth, Eighth, and Fourteenth Amendment claim based upon operative facts including

19 trial counsel's failure to challenge and object to that portion of the state's misconduct that was

20 known to them and relating to the prosecution's introduction of and failure to correct false,

21 misleading and unreliable testimony, false and misleading inferences, discovery violations,

22 failure to disclose material exculpatory and impeachment information, and improper intrusion

23 into the defense.  (Doc. 16-46 [1SHCP] at 129.)  Ground 7(H) is exhausted.

24        *v.*        *Ground 7(I): IAC of Appellate Counsel regarding Prosecutorial Misconduct*

25        Respondent argues that Ground 7(I) alleging appellate counsel were ineffective by failing

26 "to challenge the state's misconduct on any and all of the foregoing grounds[,]" is unexhausted

27 to the extent it was not presented in the 2SHCP.  (Doc. 72 at 38.)  Petitioner responds that

28 Ground 7(I) was fairly presented in the 1SHCP and is fully exhausted.  (Doc. 86 at 94.)

1    The Court finds that Petitioner did fairly present Ground 7(I) to the CSC by raising a

2    Fifth, Sixth, Eighth, and Fourteenth Amendment claim based upon operative facts including

3    appellate counsel's failure to challenge prosecutorial misconduct where required or permitted to

4    do so, including as to the prosecution's alleged introduction of and failure to correct false,

5    misleading and unreliable testimony, and false and misleading inferences; discovery violations;

6    failure to disclose material exculpatory and impeachment information; and improper intrusion

7    into the trial defense.  (Doc. 16-46 [1SHCP] at 129.)  Ground 7(I) is exhausted.

8            *w.    Ground 12: Prosecutorial Misconduct at Penalty Phase Closing Argument*

9    Respondent argues that Ground 12 alleging the prosecutor's improper penalty phase

10    closing argument violated Petitioner's right to due process of law and inflamed the jury so as to

11    make the death sentence a result of emotion, arbitrariness, and caprice, is unexhausted to the

12    extent Petitioner alleges, without case citation, that "[u]nder due process and Eighth

13    Amendment principles, the [CSC] was required to give *greater scrutiny* to the closing argument

14    in this capital proceeding."  (Doc. 72 at 49.)  Respondent also argues that Ground 12 was not

15    presented in the 2SHCP.  (*Id*.)  Petitioner responds that Ground 12 was fairly presented on

16    direct appeal and that the added language was raised therein with citation to clearly established

17    federal authority.  (Doc. 86 at 126-28.)

18            The Court finds that Petitioner did fairly present Ground 12 to the CSC by raising a Fifth,

19    Sixth, Eighth, and Fourteenth Amendment claim based on operative facts including prosecution

20    argument urging penalty phase jurors to identify with the state and the victims; appealing to

21    jurors' passion or prejudice; urging double counting of aggravating factors including in relation

22    to Petitioner's assault upon his wife; referring to the instant capital conviction when discussing

23    the absence of prior convictions; and commenting on Petitioner's exercise of his constitutional

24    rights, acceptance of responsibility, remorse, and mercy.  (Doc. 16-36 [AOB] at 251-64; Doc.

25    16-38 [ARB] at 135-49.)  Therein, Petitioner cited to *Caldwell v. Mississippi*, 472 U.S. 320

26    (1985) and *Zant v. Stephens,* 462 U.S. 862 (1983) in support of the application of careful

27    scrutiny in capital cases.  (*Id*.)  Ground 12 is exhausted.

28    ////

1      **3.      Trial Court Error – Grounds 3, 4, 5, 6, 8, 11, 13, 14, 15, 16, 17**

2            *a.      Ground 3: Excessive Physical Restraints*

3      Respondent argues that Ground 3, alleging trial court error by unjustified, extensive, and

4      visible security measures at trial including penalty phase use of a stun belt, is unexhausted to

5      the extent of newly added allegations that "the stun belt produces 'constant fear' and exacts

6      'total psychological supremacy' of the inmate." (Doc. 72 at 29.) Respondent also argues that

7      Ground 3 was not presented in the 2SHCP. (*Id.*) Petitioner responds that Ground 3 was fairly

8      raised in the 1SHCP, and that in any event the newly added language does not fundamentally

9      alter the Claim as presented in state court. (Doc. 86 at 78.)

10     The Court finds that Petitioner did fairly present Ground 3 to the CSC by raising a Fifth,

11     Sixth, Eighth, and Fourteenth Amendment, and International Law claim based upon operative

12     facts including the use of belly chains and handcuffs (visible in court and seen by jurors in the

13     courtroom) during a portion of jury selection, a stun belt during the penalty phase, numerous

14     Deputies visible in the courtroom, and the exhibition of lapel ribbons by trail attendees before

15     the jury, causing Petitioner physical and psychological pain and anguish, limiting his ability to

16     communicate with counsel, and limiting his ability to move freely. (Doc. 16-36 [AOB] at 80-

17     87; Doc. 16-38 [ARB] at 35-39; Doc. 16-46 [1SHCP] at 40-45, 128; Doc. 16-98 [PIR] at 31-

18     42.) The Court further finds the specific language in the Ground challenged by Respondent as

19     unexhausted, merely supplements the Ground with additional argument and evidence that does

20     not fundamentally alter the Claim as presented in state court, or substantially improve its

21     evidentiary posture. Ground 3 is exhausted.

22            *b.      Ground 4: Confrontation Clause regarding Julie Ervine's Out-Of-Court*

23                  *Statements*

24     Respondent argues that Ground 4, alleging trial court error by admission of Julie Ervine's

25     out-of-court statements at the guilt phase violated Petitioner's rights under the Confrontation

26     Clause, is unexhausted to the extent of newly added allegations that his rights under the Fifth,

27     Eighth, and Fourteenth Amendments were violated. (Doc. 72 at 29-30.) Petitioner responds

28     that Ground 4 was fairly raised on direct appeal; that the added language was included in the

51

1    1SHCP; and that in any event the newly added language does not fundamentally alter the Claim

2    as presented in state court.  (Doc. 86 at 79-80.)

3         The Court finds that Petitioner did fairly present this Ground to the CSC by raising trial

4    court error based on a Fifth, Sixth, Eighth, and Fourteenth Amendment claim on operative facts

5    including erroneous admission of unconfronted prejudicial testimonial hearsay statements made

6    by Julie Ervine to law enforcement.  (Doc. 16-36 [AOB] at 88-105; Doc. 16-38 [ARB] at 40-51;

7    Doc. 16-46 [1SHCP] at 105-06; *see also* Doc. 16-98 [PIR] at 123-24.)  While Respondent

8    correctly observes that Petitioner did not directly raise the Fifth, Eighth, and Fourteenth

9    Amendments in support of the Ground, the Court observes that Petitioner did raise due process

10   and the reliability of the conviction and sentence, based on these operative facts.  (Doc. 16-46

11   [1SHCP] at 105-06; *see also* Doc. 16-98 [PIR] at 123-24); *see Chacon*, 36 F.3d at 1468 ("So

12   long as a defendant presents the state courts with all the operative facts giving rise to the

13   asserted constitutional principle, we have held that it would be unnecessary for him to cite to

14   the state court book and verse on the federal constitution.") (cleaned up).  Also, the Court finds

15   the claim of trial court error presented in state court necessarily was intertwined with federal

16   due process and reliability principles.  Ground 4 is exhausted.

17            c.    *Ground 5: Exclusion of Petitioner's Handwritten Notes*

18        Respondent argues that Ground 5 alleging trial court error by exclusion of his crime scene

19   handwritten notes, is unexhausted to the extent it was not presented in the 2SHCP.  (Doc. 72 at

20   30.)  Petitioner responds that Ground 5 was fairly raised on direct appeal and is fully exhausted.

21   (Doc. 86 at 80.)

22        The Court finds that Petitioner did fairly present this Ground to the CSC by raising a

23   Fifth, Sixth, Eighth, and Fourteenth Amendment claim based upon operative facts including

24   that the trial court excluded, on hearsay grounds, Petitioner's handwritten notes and a Last Will

25   and Testament created after the shooting and before his arrest.  (Doc. 16-36 [AOB] at 106-19;

26   *see also* Doc. 16-46 [1SHCP] at 52-108; Doc. 16-98 [PIR] at 51-125.)  Ground 5 is exhausted.

27            d.    *Ground 6: Exclusion of Portions of Petitioner's Post-Arrest Statement*

28        Respondent argues that Ground 6 alleging trial court error by exclusion of rebuttal

1    portions of Petitioner's post-arrest statements, is unexhausted to the extent it newly alleges

2    denial of effective assistance of counsel.  (Doc. 72 at 30.)  Respondent also argues Ground 6 is

3    unexhausted to the extent it was not raised in the 2SHCP.  (*Id.*)  Petitioner responds that Ground

4    6 was fairly presented on direct appeal, and that any newly added language was included in the

5    1SHCP.  (Doc. 86 at 80-82.)

6        The Court finds that Petitioner did fairly present Ground 6 to the CSC by raising a Fifth,

7    Sixth, Eighth, and Fourteenth Amendment claim based upon operative facts including the trial

8    court's refusal to admit his post-arrest prior consistent statements made during interrogation in

9    order to rebut impeachment, and related state evidentiary issues.  (Doc. 16-36 [AOB] at 132-46;

10   Doc. 16-38 [ARB] at 52-63, 72-79; *see also* Doc. 16-46 [1SHCP] at 107; Doc. 16-98 [PIR] at

11   124.)  Ground 6 is exhausted.

12            e.    *Ground 8: Attempted Murder - Instructional Error and Insufficient*

13                  *Evidence*

14       Respondent argues Ground 8, alleging trial court error on grounds of insufficient evidence

15   and instructional error as to attempt murder, is unexhausted to the extent the following

16   allegations were not raised in state court: (1) instructional errors which violated Fifth, Sixth,

17   Eight and Fourteenth Amendment rights to a fair trial and fair and reliable sentence and relieved

18   the prosecution of its burden of proof, (2) a "kill zone" theory of intent not requiring

19   indiscriminate means of attack which violates due process, (3) the omission of an instruction

20   requiring unanimous agreement upon the actus reus which violated due process, and (4) that

21   "the [CSC's] legal standard for evaluating the absence of a concurrence requirement was

22   contrary to due process law previously established by the United States Supreme Court."  (Doc.

23   72 at 38-39.)  Respondent also argues Ground 8 is unexhausted to the extent it was not included

24   in the 2SHCP.  (*Id.*)  Petitioner responds that Ground 8 was fully exhausted on direct appeal.

25   (Doc. 86 at 95-98.)  Petitioner further responds that in any event these allegations, even if newly

26   added, do not fundamentally alter the Claim as presented in state court.  (Doc. 86 at 97.)

27       The Court finds that Petitioner did fairly present Ground 8 to the CSC by raising a Fifth,

28   Sixth, Eights, and Fourteenth Amendment claim based upon operative facts including claimed

insufficient evidence of attempt murder beyond a reasonable doubt of every element thereof as

to Deputy Aldridge; instructional error including as to CALJIC 3.31 and 8.66 regarding

concurrent mens reus and actus reus as to each alleged victim; a "kill zone" theory of intent and

insufficient instruction thereon including as to burden of proof and persuasion; the trial court's

response to questions by the jury; and the appropriate standard of review for instructional error

that violates the federal constitution.  (Doc. 16-36 [AOB] at 147-65, 307; Doc. 16-38 [ARB] at

80-89.)  The Court further finds the specific language in the Ground challenged by Respondent

as unexhausted merely supplements the Ground with additional argument and evidence that

does not fundamentally alter the Claim as presented in state court or substantially improve its

evidentiary posture.  Ground 8 is exhausted.

*f.*     *Ground 11: Improper and Unconstitutional Victim Impact Testimony*

Respondent argues that Ground 11, alleging trial court error by admitting testimony of

Lassen County Sheriff Ronald Jarrell as victim-impact evidence, is unexhausted to the extent it

alleges that "expansive victim-impact evidence in this case failed to provide the jurors with the

clear and objective standards, the specific and detailed guidance, that the Eighth Amendment

requires."  (Doc. 72 at 48-49.)  Respondent also argues Ground 11 was not presented in the

2SHCP.  (*Id.*)  Petitioner responds that Ground 11 was raised on direct appeal.  (Doc. 86 at

125.)  Petitioner further argues that in any event, the added language does not fundamentally

alter the Claim as presented in state court.  (*Id.* at 125-26.)

The Court finds that Petitioner did fairly present Ground 11 to the CSC by raising a Fifth,

Sixth, Eighth, and Fourteenth Amendment claim based upon operative facts including as to

Sheriff Ron Jarrell's penalty phase testimony regarding the damaging impact of Deputy

Griffith's death on the entire LCSD and spouses, and related argument that exceeded the scope

of *Payne v. Tennessee,* 501 U.S. 808 (1991) and Penal Code § 190.3 factor (a), trial counsel's

failure to object, and the undue prejudice that rendered the trial fundamentally unfair.  (Doc. 16-

36 [AOB] at 172-83; Doc. 16-38 [ARB] at 94-101; Doc. 16-46 [1SHCP] at 117, 317-18, 338-

39.) The Court further finds the specific language in the Ground challenged by Respondent as

unexhausted merely supplements the Ground with additional argument and evidence that does

1    not fundamentally alter the Claim as presented in state court or substantially improve its

2    evidentiary posture.  Ground 11 is exhausted.

3             g.    *Ground 13: Exclusion of Mitigating Evidence and Argument relating to*

4                   *Future Dangerousness and Institutional Adjustment*

5         Respondent argues that Ground 13, alleging trial court error by exclusion of mitigating

6    evidence that Petitioner would not be a future danger in prison and that he would make a good

7    adjustment to institutionalization if sentenced to LWOP, is unexhausted to the extent it was not

8    raised in the 2SHCP.  (Doc. 72 at 50.)  Petitioner responds that Ground 13 was fairly presented

9    on direct appeal, and that presentation in the 2SHCP was unnecessary.  (Doc. 86 at 128.)

10        The Court finds that Petitioner did fairly present Ground 13 to the CSC by raising a Fifth,

11   Sixth, Eighth, and Fourteenth Amendment claim based on operative facts including the trial

12   court's exclusion of proffered relevant mitigating expert testimony by defense expert Edward

13   George, and the trial court's related admonishment to jurors that future dangerousness and

14   institutional adjustment were inappropriate and irrelevant considerations at the penalty

15   determination, impeding Petitioner's right to present a complete sentencing profile and

16   mitigation defense and closing argument.  (Doc. 16-36 [AOB] at 184-203, citing *Lockett,*

17   *Penry, Skipper*, *Simmons,* and *Cronic*; Doc. 16-38 [ARB] at 102-15.) Ground 13 is exhausted.

18             h.    *Ground 14: Exclusion of Mitigating Case Comparisons*

19        Respondent argues that Ground 14, alleging trial court error by prohibiting and

20   admonishing jurors not to consider inter-case proportionality even though a sentence less than

21   death was appropriate because Petitioner's case was less egregious than others which garnered a

22   death verdict, is unexhausted to the extent it adds an allegation that "death sentences are far

23   from automatic in the killing of a law enforcement officer[,]" and supporting Exhibit 283.

24   (Doc. 72 at 50.)  Respondent also argues Ground 14 was not presented in the 2SHCP.  (*Id.*)

25   Petitioner responds that Ground 14 was fairly presented on direct appeal.  (Doc. 86 at 128-31.)

26   Petitioner further responds that in any event, the added language and evidence merely

27   supplement and does not fundamentally alter Ground 14.  (*Id.*)

28   ////

1    The Court finds that Petitioner did fairly present Ground 14 to the CSC by raising a Fifth,

2    Sixth, Eighth, and Fourteenth Amendment claim based upon operative facts including the trial

3    court's improper exclusion and admonishment regarding inter-case proportionality with regard

4    to Penal Code § 190.3, due process protected liberty interests, and an individualized sentence on

5    a full-scope sentencing profile, impeding Petitioner's right to a complete and mitigation defense

6    and closing argument.  (Doc. 16-36 [AOB] at 213-28, citing *Crane v. Kentucky,* 476 U.S. 683

7    (1986), *Gregg v. Georgia,* 428 U.S. 153 (1976), *Lockett*, *Simmons*, and *Cronic*; Doc. 16-38

8    [ARB] at 117-27.)  The Court further finds the specific language in the Ground and supporting

9    2SHCP Exhibit 283 (a "List of Cases in which the Killer of a Law Enforcement Officer

10    Received a Sentence Less than Death"), challenged by Respondent as unexhausted, merely

11    supplement the Ground with consistent additional argument and evidence that does not

12    fundamentally alter the Claim as presented in state court, or substantially improve its

13    evidentiary posture.  Ground 14 is exhausted.

14              i.    *Ground 15: Preclusion of Mercy Argument*

15        Respondent argues that Ground 15, alleging the trial court erred by relying upon its

16    religious views to deny defense requested mercy argument and instruction at the penalty phase,

17    is unexhausted to the extent it is based on the First Amendment and alleges "a state sanctioned

18    religious view[.]"  (Doc. 72 at 50-51.)  Respondent also argues Ground 15 was not presented in

19    the 2SHCP.  (*Id*.)  Petitioner responds that Ground 15 was fairly presented on direct appeal.

20    (Doc. 86 at 131-33.)  Petitioner further responds that the fairly presented due process

21    allegations implicitly entailed resolution of the noted First Amendment challenge.  (Doc. 86 at

22    131-33.)

23        The Court finds that Petitioner did fairly present Ground 15 to the CSC to the extent it

24    raises a Fifth, Sixth, Eighth and Fourteenth Amendment claim based upon operative facts

25    including that the trial court, at the penalty phase, forbade counsel's asking the jury for "mercy"

26    during closing argument because in the trial court's view "mercy" is "a divine function, not a

27    human one[,]" and by refusing an instruction on "mercy."  (Doc. 16-36 [AOB] at 229-40, citing

28    *Gregg*; Doc. 16-38 [ARB] at 128-29.)

1    However, Petitioner did not fairly present Ground 15 to the extent it raises a First

2    Amendment claim based upon operative facts of a "state sanctioned religious view."  Petitioner,

3    in state court, did not seek relief on that constitutional basis and core facts.  (*See* Doc. 16-36

4    [AOB] at 229-40; Doc. 16-38 [ARB] at 128-29.)  Ground 15 is exhausted EXCEPT as to the

5    First Amendment and the allegation of "a state sanctioned religious view[.]"

6              *j.     Ground 16: Failure to Instruct on the Meaning of LWOP*

7    Respondent argues that Ground 16, alleging the trial court erred by refusing a defense

8    instruction that would have informed jurors that a life sentence meant Petitioner would die in

9    prison, is unexhausted to the extent it was not presented in the 2SHCP.  (Doc. 72 at 51.)

10   Petitioner responds that Ground 16 was fairly presented on direct appeal.  (Doc. 86 at 133.)

11   The Court finds that Petitioner did fairly present Ground 16 to the CSC by raising a Sixth,

12   Eighth and Fourteenth Amendment claim based upon operative facts including the trial court's

13   refusal of a defense proposed penalty phase instruction on the true meaning of LWOP, that

14   defendant would remain in custody until his death.  (Doc. 16-36 [AOB] at 204-12, citing

15   *Lockett*, *Simmons*, and *Caldwell*; Doc. 16-38 [ARB] at 116.)  Ground 16 is exhausted.

16             *k.     Ground 17: Improper Instructions Concerning Sympathy, Manslaughter,*

17                    *and Penalty Phase Principles and Related Ineffective Assistance of Counsel*

18   Respondent argues that Ground 17, alleging trial court error by instructions allowing jury

19   consideration of sympathy for the victim's family, instructions concerning voluntary

20   manslaughter, and instructions regarding the jury's sentencing discretion and general principles

21   at the penalty phase, is unexhausted to the extent not presented in the 2SHCP.  (Doc. 72 at 51-

22   52.)  Petitioner does not respond.  (Doc. 86 at 134.)

23   The Court finds that Petitioner did fairly present this Ground to the CSC by raising a

24   Fifth, Sixth, Eighth, and Fourteenth Amendment and International Law claim based upon

25   operative facts including trial court penalty phase error by confusing and contradictory

26   instructions, including as to use of guilt phase instructions; instruction on the elements of the

27   prior assault with a deadly weapon upon Julie Ervine; failure to instruct on general principles

28   governing the penalty phase and rejection of defense proposed corrective instructions; guilt and

1   penalty instructions regarding sympathy for the victim's family; victim impact testimony in the

2   context of Penal Code § 190.3(k); instructions concerning voluntary manslaughter and elements

3   including as to specific intent to kill; instructions concerning the jury's sentencing discretion;

4   and trial and appellate counsel's ineffective assistance in these regards.  (Doc. 16-36 [AOB] at

5   241-50, 295-99; Doc. 16-38 [ARB] at 130-34; Doc. 16-46 [1SHCP] at 337-42; Doc. 16-98

6   [PIR] at 209-13.)  Ground 17 is exhausted.

7       **4.      Unconstitutionality of California's Death Penalty Process – Grounds 18, 19, 23**

8           *a.      Ground 18: Challenge to Aggravating Circumstances Instructions*

9           Respondent argue that Ground 18, alleging the trial court violated the Eighth Amendment

10  by refusing defense instructions that would have prevented double-counting and over-weighing

11  aggravating factors, is unexhausted to the extent of a newly added allegation that "[j]urors in

12  this case believed they were required to sentence Petitioner to death based on finding him guilty

13  of capital murder[,]" as supported by 2SHCP Exhibits 262 and 290 (Docs. 22-16 and 31

14  [respectively, habeas declarations from jurors #59 and #55]).  (Doc. 72 at 60.)  Respondent also

15  argues Ground 18 was not presented in the 2SHCP.  (*Id.*)  Petitioner responds that Ground 18

16  was fairly presented on direct appeal and supported by 1SHCP Exhibit 180 (habeas declaration

17  of Juror #54), and that in any event the challenged language and evidence merely supplements

18  and does not fundamentally alter the Claim presented in state court.  (Doc. 86 at 134-37.)

19          The Court finds that Petitioner did fairly present Ground 18 to the CSC by raising an

20  Eighth, and Fourteenth Amendment claim based upon operative facts including that the special

21  circumstance of murder to avoid arrest is duplicative of the special circumstance of murder of a

22  peace officer in the performance of his duties; and that the prosecutor's closing penalty phase

23  argument suggested double-counting, and thus overweighing of special circumstances,

24  circumstances of the crime, and prior criminal activities.  (Doc. 16-36 [AOB] at 295-99; *see*

25  *also id*. 300-03; Doc. 16-38 [ARB] at 90-93, 136, 153-54.)  The Court further finds the specific

26  language in the Ground challenged by Respondent as unexhausted was raised in state court (*see*

27  1SHCP Exh. 180; 2SHCP Exhs. 262, 290), and in any event merely supplements the Ground

28  with additional argument and evidence that does not fundamentally alter the Claim as presented

1   in state court, or substantially improve its evidentiary posture.  Ground 18 is exhausted.

2             *b.*     *Ground 19: Challenge to California's Death Penalty Statute*

3         Respondent argues that Ground 19, challenging certain features of California's capital

4   sentencing scheme and pattern instructions, including: (1) instructions explaining mitigating

5   and aggravating circumstances; (2) CALJIC No. 8.88 explaining scope and nature of the

6   sentencing decision, (3) omitted unanimity instruction, (4) omitted burden of proof instruction,

7   (5) omitted LWOP presumption instruction, (6) lack of reviewable findings, (7) lack of inter-

8   case proportionality, and (8) disparate treatment of capital defendants, is unexhausted to the

9   extent it was not presented in the 2SHCP.  (Doc. 72 at 52-53.)  Petitioner responds that Ground

10  19 was fairly presented on direct appeal.  (Doc. 86 at 137.)

11        The Court concludes that Petitioner did fairly present Ground 19 to the CSC by raising a

12  Fifth, Sixth, Eighth, and Fourteenth Amendment, and International Law claim based upon

13  operative facts challenging California's death penalty statute including pattern instructions with

14  regard to weighing of aggravating and mitigating factors; duplicative factors and double-

15  counting of factors; absence of a standard of proof and unanimous and reviewable findings;

16  failure to instruct on a presumption of life; failure to instruct on inter-case proportionality; and

17  non-conformity with international legal norms.  (Doc. 16-36 [AOB] at 265-94, 295-303; Doc.

18  16-38 [ARB] at 150-53.)  Ground 19 is exhausted.

19            *c.*     *Ground 23: California's Death Penalty Statute is Overbroad*

20        Respondent argues that Ground 23, challenging California's Death Penalty Statute on

21  grounds it fails to narrow the class of offenders eligible for the death penalty, and is arbitrary

22  and capricious and lacking in safeguards, is unexhausted to the extent not presented in the

23  2SHCP.  (Doc. 72 at 56-57.)  Petitioner responds that Ground 23 is fully exhausted.  (Doc. 86 at

24  144.)

25        The Court finds that Petitioner did fairly present Ground 19 to the CSC by raising a Fifth,

26  Sixth, Eighth, and Fourteenth Amendment, and International Law claim based upon operative

27  facts and proffered empirical evidence, including that Penal Code § 190.2 special circumstances

28  create a too-broad death eligibility class, and is not ameliorated by Penal Code § 190.3's

1    aggravating and mitigating circumstances; the California death penalty scheme lacks

2    appropriate safeguards; and trial and appellate counsel were ineffective in these regards.  (Doc.

3    16-46 [1SHCP] at 347-56; 1SHCP Exhibits 209, 213-216; Doc. 16-98 [PIR] at 216-19.)

4    Ground 23 is exhausted.

5         **5.**     **Juror Misconduct – Ground 20**

6              *a.*     *Ground 20(B): Juror #55 was not Fair or Impartial*

7         Respondent argues that Ground 20(B), alleging misconduct by empaneled Juror #55 by

8    failing to provide accurate answers to material questions on her juror questionnaire regarding

9    status as a crime victim, and by violating the trial court's instructions by keeping a notebook in

10   which she recorded her thoughts and observations at the end of each day, is unexhausted to the

11   extent it relies upon evidence not presented in the 1SHCP, i.e. Exhibit 290 [habeas declarations

12   from juror #55], and that the juror declaration fundamentally alters the Claim as presented in

13   state court.  (Doc. 72 at 53-54.)  Respondent also argues Ground 20(B) was not presented in the

14   PFR to the CSC.  (*Id*.)  Petitioner responds that Ground 20(B) was fairly presented in the

15   1SHCP, that Exhibit 290 was fairly presented with the 2SHCP, and that further presentation in

16   the PFR was unnecessary.  (Doc. 86 at 137-39.)  Petitioner further argues that, in any event, the

17   challenged newly added language does not fundamentally alter the Claim as presented in state

18   court.  (*Id*.)

19        The Court finds that Petitioner did fairly present Ground 20(B) to the CSC by raising a

20   Sixth, Eighth, and Fourteenth Amendment claim based upon operative facts including that Juror

21   #55 failed to disclose an assault upon her by an ex-husband, and calls to police as a victim of

22   domestic assault(s), and injected extraneous evidence re same; and that Juror #55 failed fully to

23   disclose her marital history, litigation history (divorce), and the criminal history of her

24   immediate family.  (Doc. 16-46 [1SHCP] at 325-30; Doc. 16-98 [PIR] at 192-199.)  The Court

25   further finds the specific evidence in the Ground challenged by Respondent as unexhausted,

26   was raised in state court.  (*See* 2SHCP, Exh. 290.)  Ground 20(B) is exhausted.

27             *b.*     *Ground 20(E): Premature Penalty Determination*

28        Respondent argues that Ground 20(E), alleging jurors prematurely decided on a death

verdict, is unexhausted to the extent of newly added juror misconduct allegations and

supporting state habeas juror declarations, i.e. Exhibit 262 (Doc. 22-16) and Exhibit 290 (Doc.

31) [habeas declarations of Jurors # 59 and #55, respectively], and adds as a basis for relief

violation of the right be free from cruel and unusual punishment.  (Doc. 72 at 54-55.)

Respondent also argues Ground 20(E) was not presented in the PFR in the CSC.  (*Id*.)

Petitioner responds that Ground 20(E) was fairly raised in the 1SHCP and that the challenged

allegations and supporting Exhibits 262 and 290 were fairly presented in the 2SHCP (Doc. 86 at

140), and that further presentation in the PFR was unnecessary (*id*.).  Petitioner responds that in

any event, the two juror declarations merely supplement and do not fundamentally alter the

Claim as presented in state court.  (*Id*.)  Petitioner also responds that the Eighth Amendment

"cruel and unusual punishment" theory as a basis for relief was exhausted as a variation of the

Eighth Amendment "right to a reliable penalty verdict" theory which was presented on state

habeas.  (Doc. 86 at 141.)

The Court concludes that Petitioner did fairly present this Ground to the CSC by raising a

Sixth, Eighth, and Fourteenth Amendment claim based upon operative facts including juror

failure to following instructions to avoid prejudging the case before the presentation of all

evidence and/or discussing the case outside of deliberations, particularly that jurors discussed

the case amongst themselves before the close of evidence and submission for deliberation.

(Doc. 16-46 at 325-336; Doc. 16-98 at 205-08); *see Chacon*, 36 F.3d at 1468.  The Court

further finds the specific evidence in the Ground challenged by Respondent as unexhausted,

was presented in state court.  (*See* 1SHCP Exhs. 180, 184; 2SHCP Exh. 262, 290.)  Ground

20(E) is exhausted.

### 6.    Death Sentence Ineligibility – Ground 21

Respondent argues that Ground 21, alleging execution ineligibility under the Eighth

Amendment based on Petitioner's mental deficits and vulnerabilities that prevent him from

controlling his behavior, is unexhausted to the extent it relies upon 2SHCP Exhibits 280 and 281

[i.e. the habeas declarations of mental health experts Drs. Marder and Neylan, respectively]

proffering opinions on new diagnoses of mental impairment, including alcohol, marijuana and

1  methamphetamine dependence, major depression, PTSD, psychotic delusional disorder, cognitive

2  impairments due to m-TBIs, and major depression. (Doc. 72 at 55-56.) Respondent also argues

3  Ground 21 was not presented in the PFR in the CSC. (*Id*.) Petitioner responds that Ground 21

4  was fairly presented in the 1SHCP and in the 2SHCP, and that presentation in the PFR was

5  unnecessary. (Doc. 86 at 142-44 & n.26.).

6        The Court finds that Petitioner did fairly present Ground 21 to the CSC by raising a Fifth,

7  Sixth, Eighth, Fourteenth Amendment claim based upon operative facts including his organic

8  brain damage, PTSD, delusion disorder, m-TBIs, alcohol dependence disorder, which at the

9  time of the crime left him unable to control or avoid the behaviors for which he was sentenced

10  to death; his conviction and sentence are on that basis unreliable; and his death sentence is cruel

11  and unusual on that basis and because execution following a long period of confinement

12  provides no deterrent or retributive purpose. (Doc. 16-46 [1SHCP] at 343-46, 357-62; Doc. 16-

13  98 [PIR] at 213-15, 219-23, citing *Atkins v. Virginia*, 536 U.S. 304 (2002), *Roper v. Simmons*,

14  543 U.S. 551 (2005), *Lackey*; *see also* Doc. 69-4 [2SHCP] at 46-48.) As above, the Court

15  further finds the 1SHCP and 2SHCP presentation was corroborated and supported by the expert

16  opinions of Drs. Marder and Neyland. (*See* Doc. 16-46 at 227-249; Doc. 69-4 [2SHCP] at 6-24,

17  41-45.) Ground 21 is exhausted.

18        **7.    Cumulative Effect of Constitutional Errors – Ground 25**

19        Respondent argues that Ground 25, alleging that the combined effect of multiple trial court

20  errors violated due process and rendered the trial and sentence fundamentally unfair, is unexhausted

21  to the extent it was not raised in the 1SHCP and 2SHCP proceedings. (Doc. 72 at 60.) Petitioner

22  responds that Ground 25 is "at least partly exhausted," having been raised on direct appeal, in the

23  1SHCP, and by implication in the 2SHCP. (Doc. 86 at 156-58.) Petitioner also responds that any

24  failure to exhaust Ground 25 should be excused due to futility of state court remedies. (*Id*. at 159-

25  61.) Petitioner points to the CSC's prior denial of all claims in the 1SHCP and 2SHCP, and the

26  virtual certainty that the CSC would reject a successive cumulative prejudice claim. (*Id*.) Petitioner

27  also points to his advanced age, poor health, the risk of mooting his federal rights due to loss of

28  evidence from the passage of time, and argues the aggregate effect of constitutional errors is in any

1   event before the court.  (Doc. 86 at 161-65.)

2       The Court finds that Petitioner fairly present Ground 25 to the CSC by raising the cumulative

3   effect of discretely claimed Fifth, Sixth, Eighth, and Fourteenth Amendment errors at the guilt and

4   penalty phases raised on direct appeal and in the 1SHCP, incorporated into and/or intertwined with

5   the supplemented 1SHCP Claims raised in the 2SHCP, and in the Appeal and Request for COA in

6   the Court of Appeal, and PFR in the CSC.  (*See* Doc. 16-36 [AOB] at 304-07; Doc. 16-38 [ARB]

7   at 155; Doc. 16-46 [1SHCP] at 38-39 and n.1, 108, 130-31 363; Doc. 16-98 [PIR] at 188-91; Doc.

8   69-4 [2SHCP] at 24, 29; Doc. 69-21 [Appeal]; Doc. 69-29 [PFR]); *see also Wooten*, 540 F.3d at

9   1025.  Even if the 2SHCP did not name cumulative error as a Claim, the supplemented 1SHCP

10  Claims that the 2SHCP did present failed on the merits, such that there was no individual error to

11  cumulate upon any return to state court.  *See Wooten,* 540 F.3d at 1025 ("Cumulative error comes

12  into play when no single trial error is, on its own, sufficiently prejudicial to warrant reversal.").

13  Ground 25 is exhausted.[18]

14              V. RECOMMENDATIONS AND CONCLUSIONS

15      Based on the foregoing, the undersigned recommends that:

16  1.      Respondent's motion to dismiss (Doc. 72) be GRANTED IN PART, and that

17          Grounds 7(C), 24, and the Ground 15 allegation of a First Amendment violation

18          based on a "state sanctioned religious view" be DISMISSED without prejudice.

19  2.      Petitioner be allowed to PROCEED with his exhausted Grounds.

20      These Findings and Recommendations will be submitted to the United States District

21  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).

22      Within FOURTEEN (14) DAYS after being served with these Findings and

23  Recommendations, any party may file, and serve on all parties, written objections to the

24  Findings and Recommendations.  The document should be captioned Objections to Magistrate

25  Judge's Findings and Recommendations.  Responses to objections shall be filed, and served on

26  all parties, within FOURTEEN (14) DAYS after service of the objections.

27  _____

28  [8]  The Court need not and does not reach Petitioner's argument that cumulative error exhaustion is futile.

1    The parties are advised that failure to file objections within the specified time may

2  constitute waiver of the right to appeal the District Court's order.  *See Wilkerson v. Wheeler*,

3  772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir.

4  1991)).  In the objections, the parties may address whether a Certificate of Appealability should

5  issue in the event an appeal of the judgment is filed in this case.  *See* Rule 11, Federal Rules

6  Governing § 2245 Cases (the district court must issue or deny a Certificate of Appealability

7  when it enters a final order adverse to the applicant).

8  DATED: September 15, 2025

9

10  _____

11  SEAN C. RIORDAN
   UNITED STATES MAGISTRATE JUDGE